Craig R. Tractenberg (NJ Bar Reg. 029591982)
NIXON PEABODY LLP
437 Madison Avenue
New York, NY  10022-7039
Phone:  (212) 940-3722
Facsimile:  (866) 852-2714
Email: ctractenberg@nixonpeabody.com

Attorneys for Defendants
Planet Fitness, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARNI TRUGLIO, INDIVIDUALLY AND AS A CLASS REPRESENTATIVE ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>PLANET FITNESS, INC; FIT TO BE TIED II, LLC d/b/a PLANET FITNESS; JOHN DOES 1-75; PLANET FITNESS FRANCHISES 1-75; and XYZ CORPORATIONS 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, CIVIL PART MONMOUTH COUNTY<br><br>Docket No. L-3596-15<br>Civil Action<br><br>**NOTICE OF REMOVAL**<br><br>Returnable |

Pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, defendant Planet Fitness, Inc. ("Pla-Fit") hereby removes a state court action commenced by plaintiff Marni Truglio ("Plaintiff") to the United States District Court for the District of New Jersey, and in support thereof, states the following:

I.      PROCEDURAL HISTORY

1.      On or about September 28, 2015, Plaintiff commenced a civil action in the Superior Court of New Jersey, Monmouth County, Law Division, Docket No. L3596-15, by filing a complaint entitled "Class Action Complaint and Demand for Jury Trial."

2. On October 7, 2015 the Class Action Complaint and Summons was served on Defendant Pla-Fit at its corporate offices, 26 Fox Run Road, Newington, NH 03801. A true and complete copy of the Class Action Complaint served on October 7, 2015, is attached as <u>Exhibit A</u>.

3. Plaintiff filed a First Amended Class Action Complaint and Demand for Jury Trial ("First Amended Complaint" or "FAC") on October 19, 2015.

4. The First Amended Complaint and Summons was served on Pla-Fit at its corporate offices, 26 Fox Run Road, Newington, NH 03801 on November 4, 2015. A true and complete copy of the First Amended Complaint served on November 4, 2015, is attached as <u>Exhibit B</u>.

5. Pla-Fit now timely files this Notice of Removal within thirty (30) days of service of the original Class Action Complaint and consistent with the provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453.

6. Consistent with the procedures governing the removal of a "class action," as that term is defined under 28 U.S.C. § 1332(d)(1), the Notice of Removal is being filed solely by Pla-Fit since, under CAFA, a "class action ... may be removed by any defendant without the consent of all defendants." *See* 28 U.S.C. § 1453(b).

7. In any event, Pla-Fit has obtained the consent of the only other specifically identified defendant, Fit To Be Tied II, LLC d/b/a Planet Fitness. A true and complete copy of Fit To Be Tied II, LLC's Consent to Remove is attached as <u>Exhibit C</u>.

8. As set forth below, the underlying jurisdictional basis for Pla-Fit's removal of the Class Action Complaint is set forth within 28 U.S.C. § 1332(d)(2), the requirements of which are satisfied in connection with the Class Action Complaint and the First Amended Complaint.

4822-9206-0714.1

## II. THE PARTIES

9. The named plaintiff in the First Amended Complaint, Marni Truglio, is a resident and citizen of the state of New Jersey. FAC ¶ 8.

10. The named plaintiff also purports to act on behalf of a class and subclass of plaintiffs pursuant to Rule 4:32 of the New Jersey Court Rules:

> CLASS: All persons who, at any time on or after the day six (6) years prior to the day on the original Complaint was filed, enrolled in a health club membership at and/or for use at any Planet Fitness health club located in New Jersey, where the Membership Agreement used to enroll that person contained terms the same or similar to the Membership Agreement used in the transactions with the named Plaintiff.
>
> SUB-CLASS #1: All members of the Class who cancelled or attempted to cancel their Membership Agreement, and who were charged additional monthly payments after the cancellation date.

*Id.* ¶ 44.

11. The First Amended Complaint contains various allegations ostensibly in support of the requisite elements necessary to justify certification of the lawsuit by the court as a class action, e.g., numerosity, typicality, predominating and common questions of law and fact.

12. Defendant Pla-Fit is a Delaware corporation with a principal place of business located in Newington, New Hampshire. *Id.* ¶ 9.

13. Defendant Fit To Be Tied II, LLC ("FTBT") is a New Jersey limited liability company with a principal place of business located in Manahawkin, New Jersey. *Id.* ¶ 13.

14. JOHN DOE #1 is an officer, owner, director, supervisor, manager, employee, agent and/or representative of Defendant FTBT, and sets the policies, procedures and practices for the Planet Fitness health club franchise located in Brick, New Jersey. *Id.* ¶ 14.

15. Defendants PLANET FITNESS FRANCHISES 1-75 are fictitious names of Planet Fitness health club franchises located in the State of New Jersey. *Id.* ¶ 15.

16. The First Amended Complaint also identified Defendants JOHN DOE #2-75 as fictitiously named defendants who are the "officer, owner, director, supervisor, manager, employee, agent and/or representative" of the specifically named Defendants as well as the fictitiously named PLANET FITNESS FRANCHISES 1-75. *Id.* ¶ 16.

17. XYZ CORPORATIONS 1-10 are fictitious names of businesses alleged for the purpose of substituting their names for those of any additional defendants whose identity may be disclosed in discovery and should be made parties to this action. *Id.* ¶ 17.

### III. ALLEGATIONS OF FACT

18. Plaintiff identifies herself and others similarly situated as buyers of health club services. *Id.* ¶ 18.

19. Pla-Fit is a corporation and/or entity which sells franchises for Planet Fitness health clubs located throughout the State of New Jersey. *Id.* ¶ 19.

20. There are approximately 40 Planet Fitness health clubs in New Jersey, with more locations scheduled to open. *Id.* ¶ 21.

21. Pla-Fit, through its directors, executives, management, franchise agreements and/or operations manuals and/or outside vendors which its franchisees are required to use, sets, controls and/or directs the policies, practices and procedures for all of its franchisees and/or plays an active role in the operations of each Planet Fitness health club franchise in the State of New Jersey. *Id.* ¶ 22.

22. Pla-Fit, at all times relevant herein, required its New Jersey franchisees to use specific documents and/or language, including the form and/or language of the Membership Agreements used in their transactions with members. *Id.* ¶ 26.

23. The use of specific language required by Pla-Fit to be in the Membership Agreements results in a financial benefit to Pla-Fit. *Id.* ¶ 27.

24. Plaintiff alleges that defendant franchisees 1-75 engaged in the same and/or substantially similar conduct, including the use of the same and/or substantially similar Membership Agreements. *Id.* ¶ 30.

25. On or about December 30, 2014, Plaintiff visited the Planet Fitness health club website located at www.planetfitness.com to enroll in a health club membership. *Id.* ¶ 32.

26. Plaintiff executed a "Membership Agreement" that Plaintiff alleges was provided by Pla-Fit and/or FTBT. *Id.* ¶ 33.

27. The Membership Agreement authorized Plaintiff to use the Planet Fitness health club located in Brick, New Jersey, as well as any Planet Fitness health club located in the State of New Jersey. *Id.* ¶ 34.

28. The Membership Agreement did not set forth the total amount due under the contract. *Id.* ¶ 38.

29. Plaintiff alleges that the total annual payment obligation under her Membership Agreement totaled $270.22. *Id.* ¶ 39.

30. The Membership Agreement provided that: "Your account below will be billed on or around the 17th of each month beginning on 1/17/2015 for $19.99 per month until you cancel in accordance with this agreement. This membership has a 12 month minimum term"; and that "An Annual Membership Fee of $39.00 will be billed each year of your monthly membership, on or around the first of February, to the account on file..." *Id.* ¶¶ 36-37.

31. Plaintiff alleges that the Membership Agreement does not state that a bond, irrevocable letter of credit or securities, moneys or other security is filed or deposited with the Director of the Division of Consumer Affairs to protect customers who are damaged or suffer any loss by reason of breach of contract or bankruptcy. *Id.* ¶ 41.

5

32. Plaintiff alleges that the Membership Agreement contains the following cancellation provision: "To cancel your membership and stop the monthly billing on the 17th of the month, the club requires written notification by the 10th of the month delivered to the club in person or preferably via certified mail. Any monthly membership can cancelled upon thirty days' notice." *Id.* ¶ 42.

33. Plaintiff alleges that the defendants violated the Health Club Services Act, N.J.S.A. 56:8-39 et seq. ("HCSA"), the Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("CFA"); and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -18 ("TCCWNA").

34. Plaintiff asserts two class action claims for relief against the defendants: violation of the TCCWNA, *Id.* ¶¶ 57-71, and violations of the HCSA and CFA. *Id.* ¶¶ 72-88.

35. Plaintiff alleges that the Membership Agreement violated TCCWNA through three specific violations of the HCSA and three specific violations of the CFA. *See id.* ¶ 63. Plaintiff claims she and others similarly situated are entitled to $100 in statutory damages for each of the six violation of the TCCWNA, or $600 per Membership Agreement. *Id.* ¶ 65.

## IV. CLASS ALLEGATIONS

36. The First Amended Complaint identifies one class and one subclass, and asserts various allegations respecting the purported propriety of the action proceeding as a class action consistent with New Jersey Court Rule 4:32. For example, the First Amended Complaint includes allegations purporting to establish numerosity, impracticability of joinder of all potential plaintiffs, common questions of law and fact, typicality, identifiability, and risk of inconsistent adjudications, etc.

37. The First Amended Complaint alleges that each putative member of the class action signed a Membership Agreements that contained multiple violations of the HCSA, CFA, and TCCWNA.

38. The putative class consists of "all persons who, at any time on or after the day six (6) years prior to the day on the original Complaint was filed, enrolled in a health club membership at and/or for use at any Planet Fitness health club located in New Jersey" using the same or similar Membership Agreement as that used by Plaintiff. *Id*. ¶ 44.

39. Plaintiff alleges that members of the class and subclass for whose benefit this action is brought are so numerous that joinder of all members is impracticable and that questions of law and/or fact common to the members of the class and subclass predominate over questions affecting individuals. *Id*. ¶¶ 45-46.

40. Plaintiff alleges that she will fairly and adequately represent the interests of the class. *Id.* ¶ 50.

41. Plaintiff alleges that class action is superior to other available methods for the fair and efficient adjudication of this controversy. *Id*. ¶ 51.

## V. REMOVAL IS PROPER ON THE BASIS OF DIVERSITY JURISDICTION UNDER CAFA

42. The claims raised in the First Amended Complaint are removable from the Superior Court of New Jersey, Monmouth County, to this Court.

43. Removal is specifically permitted in this matter, and federal court jurisdiction exists under CAFA.

44. Under CAFA, diversity jurisdiction exists in a "class action," as that term is specifically defined under 28 U.S.C. §1332(d)(1)(B), where the matter in controversy exceeds

the sum of $5,000,000 and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

45. The First Amended Complaint meets the definition of a "class action" under CAFA, 28 U.S.C. §1332(d)(1)(B), because it was filed pursuant to New Jersey Court Rule 4:32, which is a state rule of judicial procedure similar to Federal Rule of Civil Procedure 23 that authorizes an action to be brought by one or more representative persons as a class action, and contains allegations directed at meeting the requirements for certification of a class action.

46. "Minimal" diversity jurisdiction exists under CAFA because the named plaintiff and the putative class of plaintiffs (all identified as New Jersey residents) are citizens of the state of New Jersey and at least one defendant, Pla-Fit, is a citizen of another state, namely, New Hampshire. *See* FAC ¶¶ 1 and 9.

47. The putative class could include all persons who are presently members of a New Jersey franchisee of Pla-Fit and who signed a membership agreement, as well as any and all individuals who are no longer current members of a New Jersey franchisee of Pla-Fit but who signed and/or cancelled a membership agreement at any time within the past six (6) years prior to the inception of this litigation.

48. The First Amended Complaint itself does not set forth the total dollar amount of damages that are being claimed.

49. However, according to a reasonable reading of the First Amended Complaint, the amount in controversy exceeds $5,000,000 in the aggregate, as follows:

    a. Every member of the putative class seeks maximum statutory damages pursuant to TCCWNA. Based on the allegations in the First Amended Complaint, every member of the putative class would be entitled to recover

8

    $600 in statutory damages, at $100 per TCCWNA violation, arising from the alleged three (3) HCSA violations and three (3) CFA violations. *See* FAC ¶¶ 63, 65.

b. Based on TCCWNA statutory damages alone, to meet the $5,000,000 amount in controversy threshold, the class would need to number at least 8,334 persons.

c. Pla-Fit estimates that the putative class, which includes all persons who, at any time in the past six years, was enrolled in a health club membership at any Planet Fitness health club located in New Jersey, where the Membership Agreement used to enroll that person contained the same or similar terms to those alleged in the First Amended Class Action Complaint, far exceeds the above threshold figure of 8,334 persons.

d. Additionally, the First Amended Class Action Complaint includes a subclass of all members of the class who cancelled or attempted to cancel their Membership Agreement, and who were charged additional monthly payments after the cancellation date. *See* FAC ¶ 44. The First Amended Complaint alleges members of this subclass were forced to pay, at a minimum, one additional month of membership after attempting to cancel the Membership Agreement. *See* FAC ¶ 84. Based on the allegation that the named Plaintiff's Membership Agreement charged a monthly membership fee of $19.99, each of the subclass members are purportedly seeking actual damages of approximately $19.99 or more.

    e. Moreover, the First Amended Complaint additionally seeks to treble all damages under the CFA, and seeks a reward of reasonable attorneys' fees and costs pursuant to the CFA and TCCWNA.

    f. Accordingly, the size of the class required to meet the threshold amount in controversy requirement is likely much less than 8,334 persons and, accordingly, the amount in controversy threshold of $5,000,000 is easily satisfied based on the allegations of the First Amended Complaint.

50. Because this Court has jurisdiction under CAFA as described above, Plaintiff bears the burden of proving that an exception to removal under 28 U.S.C. § 1332(d) applies. *See, e.g., Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009).

51. In any event, none of the CAFA exceptions apply in this case. The home state exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(B), does not apply because Pla-Fit is a primary defendant and is not a citizen of the state in which this case was filed, i.e., New Jersey.

52. Specifically, Pla-Fit is a corporation organized under the laws of the state of Delaware with its principal business in the state of New Hampshire and therefore is a citizen of the state of New Hampshire for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

53. Moreover, Pla-Fit is a "primary defendant" in connection with the home state exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(B), because Pla-Fit is alleged to be directly liable to each member of this putative class action as a result of its drafting of the allegedly wrongful terms and provisions in the membership agreements which are at the heart of the First Amended Complaint and give rise to the alleged damages.

54. The local controversy exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(A), does not apply because a nearly identical class action asserting the same and

similar factual allegations was filed by Takina Morris and others similarly situated against Pla-Fit (and other defendants) in the Circuit Court of Cook County, Illinois, Chancery Division, Civil Action No. 15-CH-00800, on or about January 20, 2015 (the "Morris Class Action"). A true and complete copy of the Complaint filed in the Morris Class Action is attached as <u>Exhibit D</u>.

55.     Further, another putative class action asserting the same and similar factual allegations was filed by Joseph E. Kauffman and others similarly situated against New England Fitness South d/b/a Planet Fitness, an entity included in PLANET FITNESS FRANCHISES 1-75 named as defendants in this case, in the Superior Court of New Jersey, Camden County, Law Division, Civil Action No. Cam-L-3936-15, on or about October 13, 2015 (the "Kauffman Class Action").  A true and accurate copy of the Complaint filed in the Kauffman Class Action is attached as <u>Exhibit E</u>.

56.     Consequently, the local controversy exception to CAFA jurisdiction does not apply under 28 U.S.C. § 1332(d)(4)(A)(ii) because a nearly identical class action asserting the same and other factually similar allegations was filed during the three-year period preceding the inception of this class action against a party which is named as a defendant in both actions.

57.     This Notice is signed and submitted by counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Pla-Fit removes this action from Superior Court of New Jersey, Monmouth County to the United States District Court for District of New Jersey.

Dated:  November 6, 2015

                                 **PLANET FITNESS, INC.**

                                 By its attorneys,
                                 **NIXON PEABODY LLP**

                                 _____*/s/ Craig R. Tractenberg*_____
                                 Craig R. Tractenberg, Bar No. _____
                                 437 Madison Avenue
                                 New York, NY  10022-7039
                                 Phone:  (212) 940-3722
                                 Facsimile:  (866) 852-2714
                                 Email:  ctractenberg@nixonpeabody.com