EXHIBIT A

**SUMMONS**

*A TRUE COPY ATTEST*
*DAVID D. AYLES, PROCESS SERVER*
*AND DISINTERESTED PERSON*

| | |
|---|---|
| Attorney(s) | Law Offices of Joseph K. Jones, LLC |
| Office Address | 375 Passaic Avenue |
| | Suite 100 |
| Town, State, Zip Code | Fairfield, New Jersey |
| Telephone Number | (973) 227-5900 |
| Attorney(s) for Plaintiff | Marni Truglio |

MARNI TRUGLIO et al.

_____

Plaintiff(s)

Vs.

PLANET FITNESS, INC; FIT TO BE TIED II, LLC d/b/a

PLANET FITNESS; JONES DOES 1-75 et al.

Defendant(s)

# Superior Court of New Jersey

| | |
|---|---|
| Monmouth | COUNTY |
| Law | DIVISION |

Docket No: _____

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
_____
Clerk of the Superior Court

DATED:      09/24/2015

Name of Defendant to Be Served:   PLANET FITNESS

Address of Defendant to Be Served:   26 Fox Run Road, Newington, New Hampshire 03801

TRACK ASSIGNMENT NOTICE

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD                NJ 07728

COURT TELEPHONE NO. (732) 677-4240
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    SEPTEMBER 29, 2015
                        RE:      TRUGLIO VS PLANET FITNESS INC FIT TO BE TIED ET AL
                        DOCKET:  MON L -003596 15

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS  200 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON DENNIS R. OBRIEN

AT:      (732) 677-4249 EXT 4249.

         IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:      (732) 677-4249 EXT 4249.

         IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                                 ATTENTION:     ATT: JOSEPH K. JONES      JOSEPH    K
                                                JONES
                                                375 PASSAIC AVE
                                                SUITE 100
                                                FAIRFIELD           NJ 07004

JURDED80

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Benjamin J. Wolf (I.D. No.: 093452013) | (973) 227-5900 | Monmouth |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Law Offices of Joseph K. Jones, LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 375 Passaic Avenue, Suite 100 Fairfield, New Jersey 07004 | Summons and Complaint |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Plaintiff | MARNI TRUGLIO v PLANET FITNESS, INC; FIT TO BE TIED II, LLC d/b/a PLANET FITNESS; JOHN DOES 1-75; PLANET FITNESS FRANCHISES 1-75; and XYZ CORPORATIONS 1-10, |

| CASE TYPE NUMBER (See reverse side for listing) 599 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (summary action) |
| 999 | OTHER (briefly describe nature of action) |

**Track II - 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT – OTHER |

**Track III - 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Multicounty Litigation (Track IV)**
| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 286 | LEVAQUIN | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 287 | YAZ/YASMIN/OCELLA | 601 | ASBESTOS |
| 288 | PRUDENTIAL TORT LITIGATION | 623 | PROPECIA |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

---

Joseph K. Jones, Esq. (I.D. No.: 002182006)
Benjamin J. Wolf, Esq. (I.D. No.: 093452013)
LAW OFFICES OF JOSEPH K. JONES, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile



F I L E D
SEP 2 8 2015
MONMOUTH VICINAGE
CIVIL DIVISION   217

*Attorneys for Plaintiff Marni Truglio, on behalf of herself and all others similarly situated*

| | |
|---|---|
| MARNI TRUGLIO, on behalf of herself and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION — MONMOUTH COUNTY |
| Plaintiffs, | |
| | DOCKET NO.: L 3596-15 |
| v. | |
| PLANET FITNESS, INC; FIT TO BE TIED II, LLC d/b/a PLANET FITNESS; JOHN DOES 1-75; PLANET FITNESS FRANCHISES 1-75; and XYZ CORPORATIONS 1-10, | **CIVIL ACTION** |
| | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, MARNI TRUGLIO on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorneys, allege against the above-named Defendants, PLANET FITNESS, INC ( hereinafter "Planet Fitness"); FIT TO BE TIED II, LLC d/b/a PLANET FITNESS (hereinafter "FTBT"); JOHN DOES 1-75; PLANET FITNESS FRANCHISES 1-75, and XYZ CORPORATIONS 1-10 (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action as a class action, on behalf of herself and all other New Jersey consumers similarly situated, relating to Defendants' violations of the Health Club Services

Act, N.J.S.A. 56:8-39 *et seq.* ("HCSA"), the Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* ("CFA"); and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -18 ("TCCWNA").

2. Defendants have violated the HCSA by using Membership Agreements which (1) obligate their customers to automatically and perpetually renew their contracts by imposing unreasonable and unduly onerous requirements to cancel their health club memberships; (2) fail to conspicuously state their customers' total payment obligations for the health club services to be received; (3) fail to state that a bond, irrevocable letter of credit or securities, moneys or other security is filed or deposited with the Director of the Division of Consumer Affairs to protect customers who are damaged or suffer any loss by reason of breach of contract or bankruptcy pursuant HCSA, N.J.S.A. 56:8-42(c); (4) fail to conspicuously contain a notice regarding cancellation of the contract pursuant to HCSA, N.J.S.A. 56:8-42(e); (5) fail to provide the proper notice pursuant to HCSA, N.J.S.A. 56:8-42(f); (6) fail to provide the proper notice pursuant to HCSA, N.J.S.A. 56:8-42(g); and, (7) fail to provide the proper notice pursuant to HCSA, N.J.S.A. 56:8-42(h).

3. Defendants have violated the CFA through the use of cancellation policies and billing practices which have the primary effect of discouraging and impeding their customers from cancelling what are otherwise perpetual and automatically self-renewing monthly memberships.

4. Defendants have violated HCSA and the CFA by misrepresenting customers' payment obligations.

5. Defendants have violated TCCWNA by using Membership Agreements which violate the HCSA and/or the CFA

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter alleging violations of the Consumer Fraud Act, the Truth-in-Consumer Contract, Warranty and Notice Act and the Health Club Services Act.

7. Venue properly lies in Monmouth County because Plaintiff resides in Monmouth County, and because Defendant FTBT transacts business in Monmouth County.

## PARTIES

8. Plaintiff is a natural person and a resident of the County of Monmouth, State of New Jersey.

9. Defendant PLANET FITNESS is a foreign corporation incorporated in the State of Delaware, with its executive office at 26 Fox Run Road, Newington, New Hampshire 03801, which sells Planet Fitness health club franchises.

13. Defendant FTBT is a domestic business with an office located in Manahawkin, New Jersey, which owns and operates a Planet Fitness health club franchise located at 325 Brick Blvd, Brick, New Jersey 08723.

14. JOHN DOE #1 is an officer, owner, director, supervisor, manager, employee, agent and/or representative of Defendant FTBT, and sets the policies, procedures and practices for the Planet Fitness health club franchise located in Brick, New Jersey.

15. Defendants PLANET FITNESS FRANCHISES 1-75 are fictitious names of Planet Fitness health club franchises located in the State of New Jersey whose policies, procedures and practices are the same and/or substantially similar to the Planet Fitness health club franchises specifically named as Defendants herein, whose identity may be disclosed in discovery and should be made parties to this action.

16. Defendants JOHN DOE #2-75 are fictitious names of individuals who are an officer, owner, director, supervisor, manager, employee, agent and/or representative of a named Planet

Fitness health club franchise or DEFENDANT PLANET FITNESS FRANCHISES 1-75, who set the policies, procedures and practices for a Planet Fitness health club franchise, alleged for the purpose of substituting their names for those of any additional defendants whose identity may be disclosed in discovery and should be made parties to this action.

17. XYZ CORPORATIONS 1-10 are fictitious names of businesses alleged for the purpose of substituting their names for those of any additional defendants whose identity may be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

18. Plaintiff and all others similarly situated are buyers of health club services.

19. PLANET FITNESS is a corporation and/or entity which sells franchises for Planet Fitness health clubs located throughout the State of New Jersey.

20. According to its website, PLANET FITNESS is "...one of the largest and fastest-growing franchisors and operators of fitness centers in the United States by number of members and locations, with a highly recognized national brand."

21. At present, there are approximately 40 Planet Fitness health clubs in New Jersey, with more locations scheduled to open.

22. PLANET FITNESS, through its directors, executives, management, franchise agreements and/or operations manuals and/or outside vendors which its franchisees are required to use, sets, controls and/or directs the policies, practices and procedures for all of its franchisees and/or plays an active role in the operations of each Planet Fitness health club franchise in the State of New Jersey.

23. Each Planet Fitness health club franchise in the State of New Jersey is directed and controlled by PLANET FITNESS as follows:

a. PLANET FITNESS finds and/or pays and directs employees and/or contracts with outside vendors/consultants to find the new locations in the State of New Jersey where each Planet Fitness health club franchise may open and do business;

b. PLANET FITNESS directs and controls and/or pays and directs employees and/or contracts with outside vendors/consultants to direct and control the marketing of each Planet Fitness health club franchise in the State of New Jersey, including branding colors, logos, slogans, names, and website marketing;

c. PLANET FITNESS creates, monitors and enforces and/or pays and directs employees and/or contracts with outside vendors/consultants to create, monitor and enforce the business model, the business strategies, the business policies, practices and procedures, and the business documents for each Planet Fitness health club franchise in the State of New Jersey;

d. PLANET FITNESS creates, monitors and enforces and/or pays and directs employees and/or contracts with outside vendors/consultants to create, monitor and enforce cancellation policies and billing practices for each Planet Fitness health club franchise in the State of New Jersey;

e. PLANET FITNESS and/or its outside vendors/consultants shares both physical and human resources with each Planet Fitness health club franchise in the State of New Jersey; and

f. PLANET FITNESS controls, monitors and enforces and/or pays and directs employees and/or contracts with outside vendors/consultants to control, monitor and enforce the payment of profits and/or fees from each Planet Fitness health club franchise in the State of New Jersey.

24. Each Planet Fitness health club franchise in the State of New Jersey, including FTBT, was, at all times relevant herein, required, by PLANET FITNESS, to strictly follow the policies and procedures set forth by PLANET FITNESS in their franchise agreements or Operations Manual, including using only the vendors, materials, documents and equipment provided by those vendors approved by PLANET FITNESS.

25. PLANET FITNESS's requirement that its New Jersey Franchisees follow the policies and procedures set forth by PLANET FITNESS, including using materials, documents and equipment provided by those approved vendors, results in a financial benefit to PLANET FITNESS.

26. PLANET FITNESS, at all times relevant herein, required its New Jersey franchisees to use specific documents and/or language, including the form and/or language of the Membership Agreements used in their transactions with Plaintiffs.

27. The use of specific language required by PLANET FITNESS to be in the Membership Agreements results in a financial benefit to PLANET FITNESS.

28. At all times relevant herein, the form and/or language of the Membership Agreements used by FTBT in transactions with Plaintiff and those similarly situated was prepared, drafted, dictated and/or controlled by PLANET FITNESS.

29. PLANET FITNESS and FTBT acted in concert and/or engaged in a joint venture with respect to all aspects of the health club membership contract entered into between FTBT and New Jersey consumers including the drafting and performance of the contracts.

30. Defendant PLANET FITNESS FRANCHISES 1-75 engaged in the same and/or substantially similar conduct, including the use of the same and/or substantially similar Membership Agreements as the Membership Agreements used by the franchise Defendants in their respective transactions with Plaintiffs to enroll other persons in health club memberships.

### Membership Agreement

31. Prior to December 30, 2014, PLANET FITNESS granted a Planet Fitness health club franchise to FTBT.

32. On or about December 30, 2014, Plaintiff, visited the Planet Fitness health club website located at www.planetfitness.com to enroll in a health club membership.

33. The "Membership Agreement", which is attached hereto as **Exhibit A** ("Membership Agreement") was provided by PLANET FITNESS and/or FTBT, and used by Plaintiff to enroll in a health club membership with PLANET FITNESS and/or FTBT

34. The PLANET FITNESS Agreement authorized Plaintiff to use the Planet Fitness health club located in Brick, New Jersey, as well as any Planet Fitness health club located in the State of New Jersey.

35. In its "Membership Fees" portion, the Membership Agreement states:

START-UP <u>$0.00</u>       FIRST MONTH PRORATE <u>$11.33</u>

ANNUAL PRORATE FEE <u>$0.00</u>      PREPAY <u>$0.00</u>        TOTAL <u>$11.33</u>

36. The Membership Agreement next states "Your account below will be billed on or around the 17th of each month beginning on 1/17/2015 for <u>$19.99</u> per month until you cancel in accordance with this agreement. This membership has a 12 month minimum term."

37. The Membership Agreement further states "An Annual Membership Fee of <u>$39.00</u> will be billed each year of your monthly membership, on or around the first of February, to the account on file..."

38. The Membership Agreement fails to set forth the total amount due under the contract.

39. Given that the Membership Agreement is for a minimum of 12 months, it fails to set forth that the total payable obligation under the contract is required to be stated as follows:

> "First Month Prorate = $11.33" +
>
> "Annual Membership Fee = $39.00" +
>
> $19.99 x 11 months = $219.89
>
> for a total payment obligation of $270.22.

40. The Membership Agreement does not specifically set forth in a conspicuous manner on its first page the Plaintiff's total payment obligation for the health club services to be received pursuant to the contract.

41. The Membership Agreement does not state that a bond, irrevocable letter of credit or securities, moneys or other security is filed or deposited with the Director of the Division of Consumer Affairs to protect customers who are damaged or suffer any loss by reason of breach of contract or bankruptcy.

42. The Membership Agreement fails to conspicuously state the following:

"NOTICE TO CUSTOMER

You are entitled to a copy of this contract at the time you sign it.

You may cancel this contract at any time before midnight of the third operating day after receiving a copy of this contract. If you choose to cancel this contract, you must either:

1. Send a signed and dated written notice of cancellation by registered or certified mail, return receipt requested; or

2. Personally deliver a signed and dated written notice of cancellation to:

.................................... (Name of health club)

.................................... (Address of health club)

If you cancel this contract within the three-day period, you are entitled to a full refund of your money. If the third operating day falls on a Sunday or holiday, notice is timely given if it is mailed or delivered as specified in this notice on the next operating day. Refunds must be made within 30 days of receipt of the cancellation notice to the health club."

43. The Membership Agreement fails to state "... that it is subject to cancellation by notice sent by registered or certified mail, return receipt requested, or personally delivered, to the address of the health club specified in the contract upon the buyer's death or permanent disability, if the permanent disability is fully described and confirmed to the health club by a physician. "

44. The Membership Agreement fails to state "... that it is subject to cancellation by notice sent by registered or certified mail, return receipt requested, or personally delivered, to the address of the health club specified in the contract upon the buyer's change of permanent residence to a

location more than 25 miles from the health club or an affiliated health club offering the same or similar services and facilities at no additional expense to the buyer."

45. The Membership Agreement fails to state "...that if a health club facility is closed for a period longer than 30 days through no fault of the buyer of the health club services contract, the buyer is entitled to either extend the contract for a period equal to that during which the facility is closed or to receive a prorated refund of the amount paid by the buyer under the contract."

46. The Membership Agreement states "To cancel your membership and stop the monthly billing on the 17th of the month, the club requires written notification by the 10th of the month delivered to the club in person or preferably via certified mail. Any monthly membership can cancelled upon thirty days notice."

## CLASS ACTION ALLEGATIONS

47. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules.

48. Plaintiff seeks certification of a Class and a Sub-Class, initially defined as follows:

> **CLASS:** All persons who, at any time on or after the day six (6) years prior to the day on the original Complaint was filed, enrolled in a health club membership at and/or for use at any Planet Fitness health club located in New Jersey, where the Membership Agreement used to enroll that person contained terms the same or similar to the Membership Agreement used in the transactions with the named Plaintiff.

> **SUB-CLASS #1:** All members of the Class who cancelled or attempted to cancel their Membership Agreement, and who were charged additional monthly payments after the cancellation date.

49. The members of the Class and Sub-Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

50. There are questions of law and/or fact common to the members of the Class and Sub-Class that predominate over questions affecting only individuals.   These common questions include:

   a. Whether PLANET FITNESS, through its directors, executives, management, franchise agreements and/or operations manuals, sets, controls and/or directs the policies, practices and procedures used by all of its franchisees and/or plays an active role in the operation of each Planet Fitness health club franchise in the State of New Jersey.

   b. Whether the form and/or language of the Membership Agreement used by the franchise Defendants in their transactions with Plaintiffs, were prepared, drafted, dictated and/or controlled by PLANET FITNESS.

   c. Whether PLANET FITNESS and/or the FTBT are health clubs under the HCFA.

   d. Whether Defendants used Membership Agreements to enroll Plaintiffs and others similarly situated which:

      i. obligate customers to automatically and perpetually renew their monthly memberships;

      ii. do not specifically set forth in a conspicuous manner on its first page the Plaintiffs' total payment obligation for the health club services to be received pursuant to the contract;

      iii. do not state that a bond, irrevocable letter of credit or securities, moneys or other security is filed or deposited with the Director of the Division of Consumer Affairs to protect customers who are damaged or suffer any loss by reason of breach of contract or bankruptcy;

      iv. do not conspicuously state the notice under HCSA, N.J.S.A. 56:8-42(e);

      v. do not state the notice under HCSA, N.J.S.A. 56:8-42(f);

      vi. do not state the notice under HCSA, N.J.S.A. 56:8-42(g);

      vii. do not state the notice under HCSA, N.J.S.A. 56:8-42(h);

   e. Whether the above-referenced Membership Agreement terms violated the HCFA, the CFA, and/or TCCWNA.

   f. What is the proper measure and appropriate statutory formula to be applied in determining the damages owed by Defendant to Plaintiff, the Class, and the Sub-

Class.

g. Whether Plaintiff and the Class and Sub-Class are entitled to rescind their health club service contracts.

h. Whether Plaintiff and the Class and Sub-Class are entitled to declaratory, injunctive and/or other relief.

51. Plaintiff's claims are typical of the claims of the members of the Class and Sub-Class which they represent because all such claims arise out of the same policies, practices, and conduct, and the same or similar documents used by Defendants in their dealings with Plaintiffs.

52. Plaintiff has no interests antagonistic to those of the Class and Sub-Classes.

53. The Class and Sub-Class, of which Plaintiff is a member, are readily identifiable.

54. Plaintiff will fairly and adequately protect the interests of the Class and Sub-Class, and have retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action. Proposed Class Counsel has extensive experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the Class and Sub-Class are significant, the amount is modest compared to the expense and burden of individual litigation.

56. The questions of law or fact common to the members of the Class and Sub-Class predominate over any questions affecting only individual members.

57. The prosecution of separate actions by individual members of the Class and Sub-Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action, or the prosecution of separate actions

by individual members of the Class and Sub-Class would create the risk that adjudications with respect to individual members of the Class and Sub-Class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

58. Defendants have acted, or refused to act, on grounds generally applicable to Plaintiff and all class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and Sub-Class as a whole.

59. A class action will cause an orderly and expeditious administration of the claims of the Class and Sub-Class, and will foster economies of time, effort and expense.

60. Plaintiffs do not anticipate any difficulty in the management of this litigation.

## CLASS ACTION CLAIMS

### FIRST COUNT
**(Violations of TCCWNA)**

61. Plaintiff, on behalf of herself and all others similarly situated, re-assert and incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

62. Plaintiff and all others similarly situated are "consumers" as defined by TCCWNA as set forth at N.J.S.A. 56:12-15.

63. Plaintiff and those similarly situated purchased health club memberships primarily for personal, family or household purposes.

64. All Defendants are sellers, creditors, lenders, bailees and/or assignees within the meaning of TCCWNA as set forth at N.J.S.A. 56:12-15 and -17.

65. The Membership Agreements which Defendants used to enroll Plaintiff and all others similarly situated are "written consumer contracts" or "notices" pursuant to TCCWNA as set forth at N.J.S.A. 56:12-15.

66. TCCWNA, at N.J.S.A. 56:12-15, provides in relevant part that no seller, creditor, lender or bailee may offer or enter into any written consumer contract or give or display any notice which includes any provision that violates a clearly established right of the consumer or responsibility of the seller.

67. The Membership Agreements used by Defendants in the transactions with Plaintiff and those similarly situated contain terms that violate the clearly established rights of Plaintiff and those similarly situated under New Jersey consumer statutes, including but not limited to the following:

   a. the HCSA at N.J.S.A. 56:8-42(i), by using Membership Agreements which obligate Plaintiff and all others similarly situated to renew their health services contracts;

   b. the HCSA at N.J.S.A. 56:8-42(b), by using Membership Agreements which fail to specifically set forth in a conspicuous manner on the first page of the Membership Agreements the buyer's total payment obligation for health club services to be received pursuant to the health service contracts;

   c. the HCSA at N.J.S.A. 56:8-41 and/or N.J.S.A. 56:8-42(b), by using Membership Agreements which fail to state that a bond, irrevocable letter of credit or securities, moneys or other security is filed or deposited with the Director of the Division of Consumer Affairs to protect customers who are damaged or suffer any loss by reason of breach of contract or bankruptcy;

   d. the HCSA at N.J.S.A. 56:8-42(e) by using a Membership Agreement that does not conspicuously state the proper notice;

   e. the HCSA at 56:8-42(f) by using a Membership Agreement that fails to state "...that it is subject to cancellation by notice sent by registered or certified mail, return receipt requested, or personally delivered, to the address of the health club specified in the contract upon the buyer's death or permanent disability, if the permanent disability is fully described and confirmed to the health club by a physician."

   f. the HCSA at 56:42(g) by using a Membership Agreement that fails to state "...that it is subject to cancellation by notice sent by registered or certified mail, return receipt

requested, or personally delivered, to the address of the health club specified in the contract upon the buyer's change of permanent residence to a location more than 25 miles from the health club or an affiliated health club offering the same or similar services and facilities at no additional expense to the buyer."

g. The HCSA at 56:42(h) by using a Membership that fails to state "... that if a health club facility is closed for a period longer than 30 days through no fault of the buyer of the health club services contract, the buyer is entitled to either extend the contract for a period equal to that during which the facility is closed or to receive a prorated refund of the amount paid by the buyer under the contract."

h. the CFA, by using Membership Agreements which violate the HCSA, which is an unlawful practice and a violation of the CFA pursuant to N.J.S.A. 56:8-46;

i. the CFA at N.J.S.A. 56:8-2, in using an unconscionable commercial practice in Defendants' cancellation policies and/or billing practices because they impose unreasonable conditions for the sole purpose of discouraging and impeding cancellations of the perpetual monthly memberships, and thereby causing buyers to pay for unwanted services;

j. the CFA at N.J.S.A. 56:8-2, in using an unconscionable commercial practice, deception, fraud and/or misrepresentation by failing to set forth the total payment obligation on first page of the Membership Agreements;

68. The Membership Agreements used by Defendants to enroll Plaintiff and all others similarly situated  violate TCCWNA because they contain provisions that violate the HCSA, the CFA, and TCCWNA directly in the manner set forth in greater detail above.

69. As the result of Defendants' violations of TCCWNA, Plaintiff and those similarly situated are entitled to statutory damages of not less than $100 for each of Defendants' TCCWNA violations appearing on the face of its standard Membership Agreement, as provided by N.J.S.A. 56:12-17.

## SECOND COUNT
### (Violations of the HCSA and the CFA)

72. Plaintiff, on behalf of herself and all others similarly situated, re-assert and incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

73. Plaintiff and all others similarly situated are buyers of health club services, as defined by the HCSA at N.J.S.A. 56:8-39(c) and are "persons" as defined by the CFA at N.J.S.A. 56:8-1.

74. Planet Fitness clubs are "health clubs" as defined by the HCSA at N.J.S.A. 56:8-39(b) and are sellers of "merchandise" as defined by the CFA at N.J.S.A. 56:8-1.

75. The Membership Agreements, which Defendants used to enroll Plaintiff and all others similarly situated are "health club contracts" as defined by the HCSA at N.J.S.A. 56:8-39(d) and the services provided thereunder are "merchandise" as defined by the CFA at N.J.S.A. 56:8-1.

76. The HCSA at N.J.S.A. 56:8-42(b) provides:

> A health club services contract shall specifically set forth in a conspicuous manner on the first page of the contract the buyer's total payment obligation for health club services to be received pursuant to the contract.

70. Given that the Membership Agreement is for a minimum of 12 months, it fails to set forth that the total payment obligation under the contract is required to be stated as follows:

"First Month Prorate = $11.33" +

"Annual Membership Fee = $39.00" +

$19.99 x 11 months =219.89

for a total payable obligation of $270.22.

77. The Membership Agreements used by Defendants do not specifically set forth in a conspicuous manner on their first pages the Plaintiff's total payment obligation for the health club services to be received pursuant to the contract.

78. The HCSA at N.J.S.A. 56:8-41(a) provides, in its relevant part:

> A person who sells or offers for sale health club services shall, for each health club facility operated in the State, maintain a bond issued by a surety authorized to transact business in this State or maintain an irrevocable letter of credit by a bank or maintain with the director securities, moneys or other security acceptable to the director to

fulfill the requirements of this subsection. ... The bond, letter of credit, or securities, moneys or other security shall be filed or deposited with the director and shall be executed to the State of New Jersey for the use of any person who, after entering into a health club services contract, is damaged or suffers any loss by reason of breach of contract or bankruptcy by the seller.

79. The HCSA at N.J.S.A. 56:8-42(c) further provides:

A health club services contract of a health club facility which maintains a bond, irrevocable letter of credit or securities, moneys or other security pursuant to subsection a. of section 3 of this act shall set forth that a bond, irrevocable letter of credit or securities, moneys or other security is filed or deposited with the Director of the Division of Consumer Affairs to protect buyers of these contracts who are damaged or suffer any loss by reason of breach of contract or bankruptcy by the seller.

80. Defendants failed to maintain a bond, irrevocable letter of credit or securities, moneys or other security with the Director of the Division of Consumer Affairs to protect their customers who are damaged or suffer any loss by reason of breach of contract or bankruptcy.

81. In the alternative, Defendants'' Membership Agreements similar to **Exhibit A** fail to state that a bond, irrevocable letter of credit or securities, moneys or other security is filed or deposited with the Director of the Division of Consumer Affairs to protect customers who are damaged or suffer any loss by reason of breach of contract or bankruptcy.

82. In either event, hundreds if not thousands of Membership Agreements used by Defendants do not state that a bond, irrevocable letter of credit or securities, moneys or other security is filed or deposited with the Director of the Division of Consumer Affairs to protect customers who are damaged or suffer any loss by reason of breach of contract or bankruptcy.

83. The HCSA at N.J.S.A. 56:8-42(e) states in relevant part, "The contract shall contain a conspicuous notice printed in at least 10-point bold-faced type as follows:

"NOTICE TO CUSTOMER
You are entitled to a copy of this contract at the time you sign it.
You may cancel this contract at any time before midnight of the third operating day after receiving a copy of this contract. If you choose to cancel this contract, you must either:

1. Send a signed and dated written notice of cancellation by registered or certified mail, return receipt requested; or
2. Personally deliver a signed and dated written notice of cancellation to:

...................................... (Name of health club)

...................................... (Address of health club)

If you cancel this contract within the three-day period, you are entitled to a full refund of your money. If the third operating day falls on a Sunday or holiday, notice is timely given if it is mailed or delivered as specified in this notice on the next operating day. Refunds must be made within 30 days of receipt of the cancellation notice to the health club.

'Operating day' means any calendar day on which patrons may inspect and use the health club's facilities and services during a period of at least eight hours, except holidays and Sundays."

84. The Membership Agreement fails to conspicuously state this notice pursuant to 56:8-42(e).

85. The HCSA at N.J.S.A., 56:8-42(f) states: "A health club services contract shall provide that it is subject to cancellation by notice sent by registered or certified mail, return receipt requested, or personally delivered, to the address of the health club specified in the contract upon the buyer's death or permanent disability, if the permanent disability is fully described and confirmed to the health club by a physician."

86. The Membership Agreement fails to state this notice pursuant to HCSA, N.J.S.A., 56:8-42(f).

87. The HCSA at N.J.S.A. 56:42(g) states: " A health club services contract shall provide that it is subject to cancellation by notice sent by registered or certified mail, return receipt requested, or personally delivered, to the address of the health club specified in the contract upon the buyer's change of permanent residence to a location more than 25 miles from the health club or an affiliated health club offering the same or similar services and facilities at no additional expense to the buyer.

88. The Membership Agreement fails to state this notice pursuant to HCSA, N.J.S.A. 56:42(g).

89. The HCSA, at N.J.S.A. 56:42(h) states "A health club services contract shall provide that if a health club facility is closed for a period longer than 30 days through no fault of the buyer of the health club services contract, the buyer is entitled to either extend the contract for a period equal to that during which the facility is closed or to receive a prorated refund of the amount paid by the buyer under the contract."

90. The Membership Agreement fails to state this notice pursuant to HCSA, N.J.S.A. 56:42(h).

91. The Membership Agreement states "To cancel your membership and stop the monthly billing on the 17th of the month, the club requires written notification by the 10th of the month delivered to the club in person or preferably via certified mail. Any monthly membership can cancelled upon thirty days notice."

92. Given that written notification of cancellation of the Membership Agreement by a consumer must be completed "by the 10th of the month" (to avoid the monthly charge on the 17th of each month) but also upon "thirty days notice", in reality, the written notification must be completed within thirty-seven (37) days notice. This confusing and/or misleading language in the Membership Agreement results in many consumers being forced to pay for, at least, one additional month of membership at Defendants' health club after they cancel the contract.

93. The Membership Agreements used by Defendants to enroll Plaintiff and all others similarly situated (1) obligate their customers to automatically and perpetually renew their contracts by imposing unreasonable and unduly onerous requirements to cancel their health club memberships; (2) fail to conspicuously state their customers' total payment obligations for the health club services to be received; (3) fail to state that a bond, irrevocable letter of credit or securities, moneys or other security is filed or deposited with the Director of the Division of Consumer Affairs to protect customers who are damaged or suffer any loss by reason of

breach of contract or bankruptcy pursuant HCSA, N.J.S.A. 56:8-42(c); (4) fail to conspicuously contain a notice regarding cancellation of the contract pursuant to HCSA, N.J.S.A. 56:8-42(e); (5) fail to provide the proper notice pursuant to HCSA, N.J.S.A. 56:8-42(f), and; (6) fail to provide the proper notice pursuant to HCSA, N.J.S.A. 56:8-42(g);and, (7) fail to provide the proper notice pursuant to HCSA, N.J.S.A. 56:8-42(h).

94. The HCSA at N.J.S.A. 56:8-46 provides:

It is an unlawful practice and a violation of P.L. 1960, c. 39 (C. 56:8-1 et seq.) to violate the provisions of this act.

95. The CFA at N.J.S.A. 5:8-2 provides:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

96. Defendants have therefore violated the HCSA and/or the CFA.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, demands judgment against Defendants as follows:

a.      For an order certifying this matter including the Class and Sub-Class as a class action pursuant to *Rule* 4:32-1 *et seq.*;

b.      For a declaratory judgment that Defendants violated the Health Club Services Act (HCSA), N.J.S.A. 56:8-39 *et seq.*; the Consumer Fraud Act (CFA),

N.J.S.A. 56:8-1 *et seq.;* and the Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 *et seq;*

c.   For injunctive relief enjoining Defendants from engaging in future violations of the HCSA, the CFA and/or TCCWNA;

d.   For equitable relief requiring Defendants to provide an accounting to all Class and Sub-Class members;

e.   For equitable relief requiring Defendants to provide an accounting of all annual rate guarantee fees paid by Class and Sub-Class members;

f.   For equitable relief requiring Defendants to provide an accounting of all monthly dues and annual rate guarantee fees paid by Class members after they canceled their memberships;

g.   For actual damages;

h.   For maximum statutory damages pursuant to TCCWNA at N.J.S.A. 56:12-17;

i.   For treble damages pursuant to the CFA at N.J.S.A. 56:8-19;

j.   For reasonable attorneys' fees and costs of suit in connection with this action, pursuant to the CFA at N.J.S.A. 56:8-19 and TCCWNA at N.J.S.A. 56:12-17;

k.   For pre-judgment and/or post-judgment interest; and

l.   For such other and further relief as Plaintiffs and others similarly situated may be entitled or as the Court deems equitable and just.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues subject to trial.

### NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of this Complaint will be mailed to the Attorney General of the State of New

Jersey within ten (10) days after the filing of the Complaint with the Court, pursuant to N.J.S.A. 56:8-20.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Joseph K. Jones, Esq., is hereby designated as trial counsel for Plaintiff in the above matter.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party who should be joined in the action at this time.

Joseph K. Jones, Esq. (I.D. No.: 002182006)
Benjamin J. Wolf, Esq. (I.D. No.: 093452013)
LAW OFFICES OF JOSEPH K. JONES, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile

Dated: September 22, 2015

# EXHIBIT A



325 Brick Blvd Brick, NJ 08723 ·732.477.0499
www.planetfitness.com
ONLINE MEMBERSHIP AGREEMENT

Date 12/30/2014          Membership #                    Expiration _____
Name  Marni Teuglio    Date of Birth                    T-Shirt Size  L
Address                City          State       Zip
Home Phone                    Cell Phone
Email Address                        Referring Member _____
Membership Type  BCM    Home Club Access Only _____    Black Card Reciprocal Access _____
Have you been a member of a gym before? Please check one.  Yes_____  No_____

Membership Fees:
START-UP $0.00   FIRST MONTH PRORATE $11.33   ANNUAL PRORATE FEE $0.00   PREPAY $0.00   TOTAL $11.33

• Your account below will be billed on or around the 17th of each month beginning on 1/17/2015 for $ 19.99 per month until you cancel in accordance with this agreement. This membership has a 12 month minimum term.
• If you have a minimum monthly term, your account below will be billed for a minimum of 12 months and will continue at the monthly rate above until you cancel in accordance with this agreement.
• Your monthly rate above is guaranteed so long as you remain a member in good standing including payment of all monthly dues and your Annual Membership Fee.
• An Annual Membership Fee of $39.00 will be billed each year of your monthly membership, on or around the first of February, to the account on file. In order to cancel the billing of this annual fee, the club requires written notice and cancellation of your membership on or before the 25th of the previous month.
• To cancel your monthly membership and stop the monthly billing on the 17th of the month, the club requires written notification by the 10th of the month delivered to the club in person or preferably via certified mail. Any monthly membership can be cancelled upon 30 days written notice.
• If your monthly membership has a minimum commitment, and you wish to cancel your membership early, a $58 Buy Out fee is required with your cancellation.
• A $10 service fee will be applied for each month your monthly dues payment is returned uncollectable including, but not limited to,
non-sufficient funds, expired credit cards, cancelled credit cards, overdrafts and closed accounts.
• Cancellation & Billing Policies: I have read and understood the cancellation rights and billing policies on the front and back of this
agreement.
NAME ON ACCOUNT: ON FILE AT PLANET FITNESS
BANK ACCOUNT# ON FILE AT PLANET FITNESS  ROUTING# ON FILE AT PLANET FITNESS
CREDIT CARD#                    EXP DATE:

By joining online, I authorize Fit To Be Tied II, LLC, dba Planet Fitness (hereinafter "Planet Fitness") or its assigns or affiliated companies to charge, or to initiate transfers from, the account designated above for the purpose of making the recurring monthly payments I owe to Planet Fitness on or around the 17th of the month until all of my obligations are paid under this agreement or until my membership is terminated or cancelled. I understand that my obligation under this agreement includes my recurring monthly dues, annual rate guarantee fee, service fee for uncollectable monthly dues, applicable taxes, charges and any other unpaid fees or dues including past unpaid dues and fees. This authorization will remain in full force and effect during the term of this membership agreement. I understand that I can stop any debit by notifying the financial institution named above and that the amounts debited from my account may vary each month based on unpaid past dues, annual fees, etc. I confirm that I am authorized under the terms of the applicable agreement with my financial institution to use the account designated for the purchase of goods and services from Planet Fitness and agree to comply with the financial institution's agreement at all times this authorization is in effect.



Notice to buyer:  Do not sign this contract unless you have read it all. Also, do not sign this contract if it contains any blank spaces. You may cancel this transaction in writing any time prior to midnight of the third business day after this transaction.

PLEASE INQUIRE ABOUT OUR MONTH TO MONTH MEMBERSHIP WITH NO ENROLLMENT AND NO YEARLY CONTRACTS.

**Cosigner Authorization & Waiver**

Parent/Guardian  In exchange for Planet Fitness allowing my minor child to purchase a membership, I agree to the Release of Liability and Assumption of Risk clauses in this agreement and I agree to defend and indemnify Planet Fitness to the fullest extent permitted by the law for any claim brought by my minor child against Planet Fitness. I also promise to pay any financial obligation that my minor child does not pay for any reason and acknowledge that the banking information above is my account.

Financial Cosigner: I promise to pay any financial obligation that the member does not pay for any reason and acknowledge that the banking information above is my account.  I also agree to defend and indemnify Planet Fitness to the fullest extent permitted by the law for any claim brought against Planet Fitness by the member.

Name _____  Address: _____  Phone: _____
Authorized Signature _____

I understand and expressly agree that my use of this Planet Fitness facility, or any other Planet Fitness facility, involves the risk of injury to me or my guest whether caused by me or not. I understand that these risks can range from minor injuries to major injuries including death. In consideration of my participation in the activities and use of the facilities, exercise equipment or services offered by Planet Fitness, I understand and voluntarily accept full responsibility on my behalf and on my guest's behalf for the risk of injury or loss arising out of or related to my use or my guest's use of the facilities, exercise equipment or participation in exercise programs or other services. I further agree that Planet Fitness, its affiliated companies and their respective officers, directors, employees, members, agents and independent contractors (collectively "Planet Fitness") will not be liable for any injury, including, without limitation, personal, bodily, or mental injury, disability, death, economic loss or any damage to me, my spouse or domestic partner, guests, unborn child, heirs, or relatives resulting from the negligent conduct or omission of Planet Fitness or anyone acting on Planet Fitness' behalf whether related to exercise or not. Accordingly, to the fullest extent permitted by law, I do hereby forever release, waive and discharge Planet Fitness from any and all claims, demands, injuries, damages, actions or causes of action against Planet Fitness. I further understand and acknowledge that Planet Fitness does not manufacture fitness or other equipment or products available in its facilities, but purchases and/or leases equipment and therefore Planet Fitness will not be held liable for defective equipment or products.

I agree to comply with Planet Fitness' membership  policies and club rules that may be communicated to me from time to time either in writing, through club signage or verbally.  Planet Fitness may, in its sole discretion, modify the policies and any club rule without notice at any time.  Planet Fitness reserves the right to refund the pro-rated cost of unused services and terminate my membership immediately for violation of any membership  policy or club rule. By signing below, I acknowledge and agree to all the terms on the front and back of this agreement.

Member's Signature  Electronically Signed  Date  12/30/2014  Planet Fitness Authorized Signature  Online Join - N/A  Date  12/30/2014

Notice to Customer - You are entitled to a copy of this contract at the time that you sign it. You may cancel this contract at any time before midnight of the third operating day after receiving a copy of this contract. If you choose to cancel this contract, you must either: 1. Send a signed and dated written notice of cancellation by registered or certified mail, return receipt requested; or

2. Personally deliver a signed and dated written notice of cancellation to: Planet Fitness 326 Brick Blvd., Brick, NJ 08723. If you cancel this contract within the three-day period, you are entitled to a full refund of your money. If the third operating day falls on a Sunday or a holiday, notice is timely given if it is mailed or delivered as specified in this notice on the next operating day. Refunds must be made within 30 days of receipt of the cancellation notice to the health club. "Operating Day" means any calendar day on which patrons may inspect and use the health club's facilities and services during a period of at least eight hours, except on holidays and Sundays.