UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARNI TRUGLIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PLANET FITNESS, INC; FIT TO BE TIED II, LLC d/b/a PLANET FITNESS; JOHN DOES 1-75; PLANET FITNESS FRANCHISES 1-75; and XYZ CORPORATIONS 1-10,<br><br>Defendant(s). | CIVIL ACTION NO. 15-cv-7959<br><br>CIVIL ACTION |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S JULY 28, 2016 ORDER**

                                                  Jones, Wolf & Kapasi, LLC
                                                 375 Passaic Avenue, Suite 100
                                                 Fairfield, New Jersey 07004
                                                 (973) 227-5900 telephone
                                                 (973) 244-0019 facsimile

                                                 *Attorneys for Plaintiff*

On the Memorandum:

Joseph K. Jones, Esq.
Benjamin J. Wolf, Esq.

# **TABLE OF CONTENTS**

**Page**

Table of Authorities..................................................................................................................ii

PRELIMINARY STATEMENT and RELEVANT FACTS............................................................1

ARGUMENT...........................................................................................................................3

    I.       This Court Should Reconsider Its Dismissal of Plaintiff's TCCWNA Claim Premised on HCSA N.J.S.A. 56:8-42(b) or Dismiss It Without Prejudice..................................................................................................3

           A.       Standard For A Motion for Reconsideration...............................................3

           B.       Defendants' Violation of HCSA N.J.S.A. 56:8-42(b) is Not An Omission and, Therefore, a Violation of TCCWNA...................................................4

CONCLUSION........................................................................................................................8

## **Table of Authorities**

Page

**Cases**

Bosland v. Warnock Dodge, 396 N.J. Super. 267 (App. Div. 2007)................................................4
       197 N.J. 543.......................................................................................................................7

Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464 (1988).........................................................5

N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194 (3d Cir.1995).................................4

Shelton v. Restaurant.com Inc., 543 Fed. Appx. 168 (3d Cir. N.J. 2013).....................................5

Truglio v Planet Fitness, Inc, 2016 WL 4084030 (D. N.J. July 28, 2016)..................................4-6

United Consumer Financial Services Co. v. Carbo, 410 N.J. Super. 280 (App.Div.2009)

Watkins v DineEquity, Inc, 591 Fed. Appx. 132, (3rd Cir. 2014)...........................................4-5,7

**Statutes**

L. Civ. R. 7.1(i).........................................................................................................................2-4,8

Federal Rule of Civil Procedure (FRCP) §12(b)(6)........................................................................1

FRCP 59(e)......................................................................................................................................3

N.J.S.A. 56:8-1 *et seq*.,  the Consumer Fraud Act (CFA)......................................................*passim*
       CFA, N.J.S.A 56:8-2.......................................................................................................3,7

N.J.S.A. 56:8-39 *et seq*., the Health Club Services Act (HCSA)..........................................*passim*

       HCSA, N.J.S.A. 56:8-41(a)..................................................................................................2
       HCSA, N.J.S.A. 56:8-42(b)..............................................................................................2-7
       HCSA, N.J.S.A. 56:8-42(i)...................................................................................................2
       HCSA N.J.S.A. 56:8-46

       HCSA, N.J.S.A. 56:8-2

N.J.S.A. 56:12-14 to 18, the Truth in Consumer Contract, Warranty and Notice Act
       (TCCWNA)...............................................................................................................*passim*

Joseph K. Jones, Esq.
Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile

*Attorneys for Plaintiff Marni Truglio, on behalf of herself and all others similarly situated*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARNI TRUGLIO, on behalf of herself and all others similarly situated , <br><br> Plaintiffs, <br><br> v. <br><br> PLANET FITNESS, INC; FIT TO BE TIED II, LLC d/b/a PLANET FITNESS; JOHN DOES 1-75; PLANET FITNESS FRANCHISES 1-75; and XYZ CORPORATIONS 1-10, <br><br> Defendants. | CIVIL ACTION NO.: 15-cv-7959 <br><br><br> **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION** |

## **PRELIMINARY STATEMENT and RELEVANT FACTS**

On July 28, 2016, this Court granted in part, and denied in part, Defendants' PLANET FITNESS, INC; FIT TO BE TIED II, LLC d/b/a PLANET FITNESS; JOHN DOES 1-75; PLANET FITNESS FRANCHISES 1-75; and XYZ CORPORATIONS 1-10 (collectively "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure §12(b)(6). *See* ECF Nos. 37-38. Plaintiff's Complaint is premised on Defendants' form health club Membership Agreement violating New Jersey's Health Club Services Act, N.J.S.A. 56:8-39 *et seq.* ("HCSA"), the Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*. ("CFA"); and the Truth-in-Consumer Contract,

1

Warranty and Notice Act, N.J.S.A. 56:12-14 to -18 ("TCCWNA"). *See* ECF 1-2.

As to Plaintiff's claims in Count II of the Complaint alleging Defendants' violated the CFA and HCSA, the Court dismissed those claims *without prejudice*. *See* ECF Nos. 1-2; 37-38. As to Plaintiff's claims under Count I of the Complaint, the Court dismissed Plaintiff's TCCWNA claims based on HCSA, N.J.S.A. 56:8-41(a)-42(b) and (i) *with prejudice* but Plaintiff's TCCWNA claim based on Defendant's misleading cancellation policies survived. Id. The Court also denied Defendants' motion seeking to strike Plaintiff's class allegations. *See* ECF Nos. 37-38.

In accordance with this Court's order, it is Plaintiff's intent to request permission from the Court to amend the Complaint regarding Plaintiff's CFA and HSCA claims dismissed without prejudice. *See* ECF Nos. 37-38. Plaintiff submits that a decision on this motion may impact the breadth of Plaintiff requesting to amend the Complaint. However, for the purposes of this motion pursuant to L. Civ. R. 7.1(i), Plaintiff's respectfully requests that this Court reconsider its decision to dismiss Plaintiff's claim that Defendants' failure to comply with HCSA N.J.S.A. 56:8-42(b) is not a violation of TCCWNA. In the alternative, Plaintiff respectfully requests that the Court dismiss this claim without prejudice thereby permitting Plaintiff to further amend the Complaint to replead this claim. Id.

Regarding Plaintiff's TCCWNA claim premised on HCSA N.J.S.A. 56:8-42(b), which is the subject of this motion, Plaintiff pled the following in the Complaint (*See* ECF No. 1-2) in relevant part:

> 62. TCCWNA, at N.J.S.A. 56:12-15, provides in relevant part that no seller, creditor, lender or bailee may offer or enter into any written consumer contract or give or display any notice which includes any provision that violates a clearly established right of the consumer or responsibility of the seller.
>
> 63. The Membership Agreements used by Defendants in the transactions with Plaintiff and those similarly situated contain terms that violate the clearly

2

established rights of Plaintiff and those similarly situated under New Jersey consumer statutes, including but not limited to the following:

> \*\*\*
>
> b. the HCSA at N.J.S.A. 56:8-42(b), by using Membership Agreements which fail to specifically set forth in a conspicuous manner on the first page of the Membership Agreements the buyer's total payment obligation for health club services to be received pursuant to the health service contracts;
>
> \*\*\*
>
> d. the CFA, by using Membership Agreements which violate the HCSA, which is an unlawful practice and a violation of the CFA pursuant to N.J.S.A. 56:8-46;
>
> \*\*\*
>
> f. the CFA at N.J.S.A. 56:8-2, in using an unconscionable commercial practice, deception, fraud and/or misrepresentation by failing to set forth the total payment obligation on first page of the Membership Agreements.

64. The Membership Agreements used by Defendants to enroll Plaintiff and all others similarly situated violate TCCWNA because they contain provisions that violate the HCSA, the CFA, and TCCWNA directly in the manner set forth in greater detail above.

## **ARGUMENT**

### I. This Court Should Reconsider Its Dismissal of Plaintiff's TCCWNA Claim Premised on HCSA N.J.S.A. 56:8-42(b) or Dismiss It Without Prejudice

#### A. Standard For A Motion for Reconsideration

Pursuant to L. Civ. R. 7.1(i): " Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge...". Since the decision and order were issued on July 28, 2016, Plaintiff's motion is timely. *See* ECF Nos. 37-38.

"Under Federal Rule of Civil Procedure 59(e) and New Jersey Local Rule of Civil Procedure 7.1, a district court may grant a motion for reconsideration if: (1) an intervening

3

change in controlling law has occurred; (2) new evidence has become available; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)." See <u>Watkins v DineEquity, Inc</u>, 591 Fed. Appx. 132, 137 (3rd Cir. 2014). In addition pursuant to L. Civ. R. P 7.1 (i): "... A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion". It is respectfully submitted the Court overlooked that Defendants' violation of HCSA N.J.S.A. 56:8-42(b) was not an "omission" but premised on a provision including language and numerical values specifically stated in Defendants' Membership Agreement, and that Plaintiff's TCCWNA claim based on HCSA N.J.S.A. 56:8-42(b) should not have been dismissed with prejudice. *Infra* **Section I(B)**.

      **B.**      **Defendants' Violation of HCSA N.J.S.A. 56:8-42(b) is Not An Omission and, Therefore, a Violation of TCCWNA**

As set forth by this Court: "[T]o state a claim under Section 15 of the TCCWNA, a plaintiff must allege each of four elements: (1) the plaintiff is a consumer; (2) the defendant is a seller, lessor, creditor, lender or bailee; (3) the defendant offers the plaintiff a contract or gives or displays any written notice or sign; and (4) the contract, notice, or sign includes a provision that violates any legal right of a consumer or responsibility of the seller, lessor, creditor, lender or bailee. *Id.* at 135 (quoting *Bosland*, 396 N.J. Super. at 278). Here, there is no dispute that Plaintiff is a consumer, Defendants are sellers, or that the Membership Agreement Defendants offered to Plaintiff qualifies as a consumer contract. ***Instead, the parties dispute whether Plaintiff has adequately alleged that the Membership Agreement contained provisions which violated clearly established legal rights of consumers or responsibilities of sellers."*** See <u>Truglio</u>

v Planet Fitness, Inc, 2016 WL 4084030 *8 (D. N.J. July 28, 2016) (emphasis added); *see also* See ECF Nos. 37-38.

In its July 28, 2016 decision, this Court further stated: "The Third Circuit has held that, absent a contrary interpretation from the New Jersey Supreme Court, since Section 15 of the TCCWNA prohibits the offering of a consumer contract which '*includes* any provision that violates any clearly established legal right of a consumer,' N.J.S.A. 56:12-15 (emphasis added), the 'mere omission' of required terms in a consumer contract (or other covered writing) does not result in liability under the TCCWNA. *Watkins*, 591 Fed.Appx. 132, 136-37. Accordingly, Plaintiff's claim that Defendants violated the TCCWNA because the Membership Agreement failed to (1) conspicuously set forth her total payment obligation...in other words, that the Membership *omitted* terms that are required by law – cannot serve as the basis for a TCCWNA violation. " *See* Truglio, 2016 WL 4084030 *8 ; *see also* ECF Nos. 37-38.

Unlike Plaintiff's separate CFA claim that Defendants violated HCSA, N.J.S.A. 56:8-42(b), which was dismissed by the Court without prejudice, Plaintiff's TCCWNA claim premised on a violation of HCSA, N.J.S.A. 56:8-42(b) does not require that Plaintiff plead an ascertainable loss[1]. *See* Truglio, 2016 WL 4084030, *5-8; *see also* ECF No. 1-2, ¶¶2,4-5, 35-40, 63(b), 76-77, 93-94; ECF Nos. 37-38; Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. at 472-473; Shelton v. Restaurant.com Inc., 543 Fed. Appx. 168, 170 (3d Cir. N.J. 2013). On this point, the Court

---

[1] In fact, Defendants never disputed that its Membership Agreement failed to comply with the requirements of the HCSA as it fails to state the consumer's "Total Payment Obligation" *See* ECF No. 11-1, pp. 12-16. Defendants sole arguments on this issue focused exclusively on ascertainable loss and proximate cause. Id. Thus, this Court stated in its opinion : "Notably, Defendants focus exclusively on their argument that Plaintiff has failed to sufficiently allege an ascertainable loss. Accordingly, the Court will assume – without deciding – that for the purposes of this motion, Plaintiff's allegations that she entered into a health club services contract which (1) failed to state that a bond or other security was filed with the Director of the Division of Consumer Affairs (and failed to, in fact, maintain such bond or other security), Am. Compl. ¶¶ 63(c), 80-82; *(2) failed to conspicuously disclose Plaintiff's total payment obligation,* **id.** *at ¶¶ 63(b), (f), 66, 77; and* (3) used misleading cancellation provisions to force customers to pay for additional months of membership dues, *id.* at ¶¶ 63(e), 84, *sufficiently alleged that Defendants committed unlawful practices in violation of the HCSA and/or the CFA."* (emphasis added) See Truglio, 2016 WL 4084030, *4

dismissed Plaintiff's TCCWNA claims premised on HCSA, N.J.S.A. 56:8-42(b) because Plaintiff only alleged an *omission* of a "clearly established right" as opposed to an *inclusion* of one. (emphasis added) *See* Truglio, 2016 WL 4084030 *8 ; *see also* ECF Nos. 37-38.

It is respectfully submitted that Plaintiff's claim regarding Defendants' failure to comply with HCSA, N.J.S.A. 56:8-42(b) is not an omission of language in the Membership Agreement. *See* Truglio, 2016 WL 4084030 *8 ; *see also* ECF Nos. 37-38.  Conversely, HCSA, N.J.S.A. 56:8-42(b) requires Defendants to conspicuously set forth the consumer's "total payment obligation". The language and numerical values within Defendants' form Membership Agreement fails to do that independent of whether or not there is an ascertainable loss (a fact undisputed by Defendants, *supra* FN1). To that end, Plaintiff's pled in the Complaint:

> 63.   The Membership Agreements used by Defendants in the transactions with Plaintiff and those similarly situated contain terms that violate the clearly established rights of Plaintiff and those similarly situated under New Jersey consumer statutes, including but not limited to the following:
>
> ***
>
> b.   the HCSA at N.J.S.A. 56:8-42(b), by using Membership Agreements which ***fail to specifically set forth in a conspicuous manner on the first page of the Membership Agreements the buyer's total payment obligation*** for health club services to be received pursuant to the health service contracts (emphasis added);
>
> ***
>
> f.   the CFA at N.J.S.A. 56:8-2, in using an unconscionable commercial practice, deception, fraud and/or misrepresentation by failing to set forth the total payment obligation on first page of the Membership Agreements.

*See* ECF No. 1-2.

Accordingly, HCSA at N.J.S.A. 56:8-42(b) clearly establishes the responsibility of Defendants to conspicuously set forth Plaintiff's "total payment obligation" in the Membership Agreement. The provision included in the Membership Agreement violates the responsibility of Defendants because such provision does not meet the required responsibility imposed upon the

6

Seller of health club services in New Jersey, of conspicuously setting forth Plaintiff's "total payment obligation". Plaintiff submits that Defendants' violation of HCSA at N.J.S.A. 56:8-42(b) is not a "mere omission" of a required contractual term. Rather, the violation stems from the fact that the "included" provision violates Defendants' responsibility of conspicuously setting forth Plaintiff's "total payment obligation."

HCSA at N.J.S.A. 56:8-42(b) also clearly establishes the right of consumers to receive certain information in conspicuous fashion. The provision provided in the Membership Agreement does not do that. Plaintiff again submits that Defendants' violation of HCSA at N.J.S.A. 56:8-42(b) is not a "mere omission" of a required contractual term. Rather, the violation stems from the fact that the "included" provision violates her clearly established right to receive certain information in a conspicuous fashion.

The case *sub judice* is distinguishable from <u>Watkins</u>. The plaintiff's claim in <u>Watkins</u> is based solely on the omission on the menu of prices for certain beverages, whereas in this case the TCCWNA claims are based upon an included provision, which does not comply with HCSA at N.J.S.A. 56:8-42(b). Here, Defendants included a provision, which provided incorrect and misleading information relating to the Plaintiff's "total payment obligation" pursuant to her Membership Agreement. Furthermore, Defendants had the responsibility to provide the "total payment obligation" information in a conspicuous fashion. By including a provision which failed to so, Defendants' violated their responsibility pursuant to HCSA at N.J.S.A. 56:8-42(b).

Defendants failed to comply with this section of the HCSA, a "clearly established right" of the consumer, and therefore Defendants violated TCCWNA on this claim. *See* <u>Bosland v. Warnock Dodge</u>, 396 N.J. Super. at 278 *aff'd*, 197 N.J. 543 *see also* <u>United Consumer Financial Services Co. v. Carbo</u>, 410 N.J. Super. 280, 306 (App.Div.2009).

## **CONCLUSION**

For the forgoing reasons, Plaintiff respectfully requests that the Court grant the motion for reconsideration pursuant to L. Civ. R. 7.1(i), or in the alternative dismissing without prejudice , and for such other and further relief as this Court deems just and proper.

Dated: August 11, 2016
      Fairfield, New Jersey

                                  Respectfully submitted,

                                  */s/ Joseph K. Jones*
                                  Joseph K. Jones, Esq.
                                  Jones, Wolf  & Kapasi, LLC
                                  375 Passaic Avenue, Suite 100
                                  Fairfield, New Jersey 07004
                                  (973) 227-5900 telephone
                                  (973) 244-0019 facsimile
                                  jkj@legaljones.com

                                  */s/ Benjamin J. Wolf*
                                  Benjamin J. Wolf, Esq.
                                  Jones, Wolf & Kapasi, LLC
                                  375 Passaic Avenue, Suite 100
                                  Fairfield, New Jersey 07004
                                  (973) 227-5900 telephone
                                  (973) 244-0019 facsimile
                                  bwolf@legaljones.com

                                  *Attorneys for Plaintiffs*