## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ____ |  |  |
|  | : | Civil Action No. 15-7959 (FLW)(LHG) |
| MARNI TRUGLIO, individually and as a | : |  |
| class representative on behalf of others | : | **ORDER** |
| similarly situated, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| PLANET FITNESS, INC.; FIT TO BE | : |  |
| TIED II, LLC d/b/a PLANET FITNESS; | : |  |
| JOHN DOES 1-75; PLANET FITNESS | : |  |
| FRANCHISES 1-75; AND XYZ | : |  |
| CORPORATIONS 1-10, | : |  |
|  | : |  |
| Defendants. | : |  |
| _____ | : |  |

THIS MATTER having been opened by the Court *sua sponte*, the Court finds:

1.      On July 28, 2016, the Court granted in part Defendants' motion to dismiss, but declined to reach the merits of that motion with respect to Plaintiffs' TCCWNA claim, as it related to the cancellation provision of the Membership Agreement at issue.  Instead, in light of the fact that only one claim remained, the Court ordered Defendants to show cause that subject matter jurisdiction still existed pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.

*2.*      On August 9, 2016, Craig R. Tractenberg, Esq., counsel for Defendant Planet Fitness, Inc. ("Planet Fitness"), submitted a certification which provided, in relevant part:  "Based on my inquiry of Planet Fitness, Inc., I am advised that Planet Fitness clubs in New Jersey have a total membership exceeding 50,000 members, each with a separate membership agreement."  Certification of Craig R. Tractenberg, Esq. (dated Aug. 9, 2016), ¶ 5.  Accordingly, in the event that the remaining TCCWNA claim were to survive Defendants' motion to dismiss, Planet Fitness

argues that each member could receive a statutory remedy of $100, and, therefore, the amount in controversy exceeds $5 million dollars.  *Id.*

3.      By letter dated August 10, 2016, Defendant Fit to be Tied, II, LLC, concurred and joined in Mr. Tractenberg's certification.

4.      When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, __U.S. __, 135 S. Ct. 547, 554 (2014).

5.      Mr. Tractenberg's certification fails to meet this burden, for three reasons.

6.      First, Mr. Tractenberg's certification fails to certify that the membership agreements to which it refers contain the same (or substantially similar) cancellation provisions as those in Plaintiff Marini Truglio's Membership Agreement.

7.      Second, Mr. Tractenberg's certification fails to certify that the putative class contains in excess of 50,000 members.  Importantly, the putative class is not defined merely as individuals who were members in a Planet Fitness club in New Jersey, but rather persons who enrolled in a health club membership agreement with Planet Fitness in New Jersey "at any time on or after the day six (6) years prior to the day on [which] the original Complaint was filed [on September 28, 2015]."  Notice of Removal, Ex. A, B.

8.      Third, Mr. Tractenberg's certification is based on hearsay evidence from an unidentified source in Planet Fitness.  Instead, this certification should be made by a person with knowledge of the facts from Planet Fitness.

9.      In other words, to satisfy their burden, Defendants must provide evidence, from a person with knowledge, that more than 50,000 individuals entered into the same (or similar)

Membership Agreements as the one at issue in this matter, during the time period running from September 28, 2009 to September, 28, 2015.

Accordingly, for good cause shown,

**IT IS** on this 11th day of August, 2016,

**ORDERED** that Defendants shall within seven (7) days of the date of this Order submit sufficient proof to support subject-matter jurisdiction in this case under the CAFA; and

**IT IS FURTHER ORDERED** that if sufficient proof is not produced, this case will be remanded to the Superior Court of New Jersey, Monmouth County, Law Division.

<u>/s/ Freda L. Wolfson</u>
The Honorable Freda L. Wolfson
United States District Judge