## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARNI TRUGLIO, individually and as a class representative on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLANET FITNESS, INC.; FIT TO BE TIED II, LLC d/b/a PLANET FITNESS; JOHN DOES 1-75; PLANET FITNESS FRANCHISES 1-75; AND XYZ CORPORATIONS 1-10,<br><br>Defendants. | Civil Action No. 15-7959 (FLW)(LHG)<br><br>**ORDER** |

THIS MATTER having been opened by the Court *sua sponte*, the Court finds:

1. On July 28, 2016, the Court granted in part Defendants' motion to dismiss, but declined to reach the merits of that motion with respect to Plaintiffs' TCCWNA claim, as it related to the cancellation provision of the Membership Agreement at issue. Instead, in light of the fact that only one claim remained, the Court ordered Defendants to show cause that subject matter jurisdiction still existed pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.

2. On August 9, 2016, Craig R. Tractenberg, Esq., counsel for Defendant Planet Fitness, Inc. ("Planet Fitness"), submitted a certification, which Defendant Fit to be Tied, II, LLC, joined, in an attempt to establish that subject matter jurisdiction remained proper under CAFA.

3. On August 11, 2016, this Court explained why Mr. Tractenberg's certification was deficient, and ordered Defendants Planet Fitness, Inc. and Fit to Be Tied II, LLC d/b/a Planet

1

Fitness (collectively "Defendants") to submit sufficient proof to support subject-matter jurisdiction in this case under the CAFA, within seven days of the date of that Order.

4.  On that same date, Plaintiff Marni Truglio ("Plaintiff") filed a motion for reconsideration, in part, of this Court's July 28, 2016 Order.  Specifically, Plaintiff seeks reconsideration of the dismissal of her claim that Defendants violated the Defendants' alleged failure to include a total payment obligation, in violation of Health Club Services Act ("HCSA"), N.J.S.A. 56:8-39 to -48, constitutes a violation of the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 to -18.

5.  Clearly, the outcome of Plaintiff's motion for reconsideration may affect the outcome of the subject-matter jurisdiction analysis under CAFA in the event that the Court grants the motion for reconsideration.

Accordingly, for good cause shown,

**IT IS** on this 12th day of August, 2016,

**ORDERED** that the Court's August 11, 2016 Order [Dkt. No. 43] is stayed pending the Court's decision on Plaintiff's motion for reconsideration [Dkt. No. 41].

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge