**\*\*NOT FOR PUBLICATION\*\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

MARNI TRUGLIO, individually and as a
class representative on behalf of others
similarly situated,

               Plaintiff,

   v.

PLANET FITNESS, INC.; FIT TO BE
TIED II, LLC d/b/a PLANET FITNESS;
JOHN DOES 1-75; PLANET FITNESS
FRANCHISES 1-75; AND XYZ
CORPORATIONS 1-10,

              Defendants.

_____

Civil Action No. 15-7959 (FLW)(LHG)

**OPINION**

**WOLFSON, United States District Judge**:

      This matter comes before the Court on a motion filed by Plaintiff Marni Truglio, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.l, seeking partial reconsideration of this Court's July 28, 2016 decision and order granting in part Defendant Planet Fitness, Inc.'s, and Defendant Fit To Be Tied II, LLC d/b/a Planet Fitness's (collectively "Defendants") motion to dismiss the Amended Complaint, or, in the alternative, to strike the class allegations of the Amended Complaint.  For the reasons that follow, Plaintiff's motion for partial reconsideration is denied.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

      Because I write primarily for the parties, who are familiar with this matter, the Court incorporates the factual background and procedural history recounted in my previous Opinion issued on July 28, 2016. In brief, Plaintiff sought to enroll in a health club membership in

Defendants' organization and was provided by Defendants with a membership agreement. Plaintiff executed the membership agreement and contends that the agreement's terms violated New Jersey law by (1) failing to state that a bond or other security was filed with the Director of the Division of Consumer Affairs (and that Defendants failed to maintain such bond or other security); (2) failing to conspicuously disclose Plaintiff's total payment obligation; (3) obligating Plaintiff to renew her contract; and (4) imposing misleading requirements to cancel her health club membership.

On September 28, 2015, Plaintiff brought suit against Defendants in the Superior Court of New Jersey, Law Division. On October 19, 2015, Plaintiff filed an Amended Complaint, setting forth claims, individually and on behalf of a putative class, under the Health Club Services Act ("HCSA"), N.J.S.A. 56:8-39 to -48, and the Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 to -195 (Count II); as well as the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 to -18 (Count I). Defendants removed the action to this Court on November 6, 2015, and moved to dismiss on December 4. On July 28, 2016, this Court issued an opinion and order dismissing Count II, Plaintiff's CFA and HCSA claims, without prejudice, and dismissing Count I, Plaintiff's TCCWNA claim, with prejudice, to the extent based on omissions in the membership agreement.

After the Court's order, the only surviving claim in the Amended Complaint was Plaintiff's Count I TCCWNA claim for statutory damages based upon the inclusions of an allegedly misleading cancellation provision in the membership agreement. The Court accordingly ordered Defendants, within twenty days, to show cause why the matter should not be remanded to the New Jersey state court for lack of subject matter jurisdiction under the Class Action Fairness Act (CAFA). On August 9, 2016, Defendant Planet Fitness, Inc., submitted a

certification that, given the number of Planet Fitness members included in the proposed class, Plaintiff's surviving TCCWNA claim continues to meet the amount in controversy requirement for subject matter jurisdiction under CAFA. Defendant Planet Fitness joined in Planet Fitness Inc.'s certification by letter, on August 10, 2016.

Plaintiff moved for partial reconsideration of the Court's July opinion and order on August 11, 2016. Plaintiff's motion requests that the Court reconsider its decision to dismiss Plaintiff's TCCWNA claim based on the omission of language allegedly required by HCSA N.J.S.A. 56:8-42(b), or, in the alternative, requests that the Court dismiss that TCCWNA claim without prejudice so that Plaintiff may move for leave to amend.

**STANDARD OF REVIEW**

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1. Pursuant to Local Civil Rule 7.1(i), a party moving for reconsideration must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i).

Motions for reconsideration are considered "extremely limited procedural vehicles." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). Indeed, they "are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)); *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening

change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone*, 664 F.3d at 415 (quotations omitted, emphasis removed, alterations in original).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)). In other words, "a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Rather, a difference of opinion with the court's decision should be dealt with through the appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998). Finally, the Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

**ANALYSIS**

Here, Plaintiff asks the Court to reconsider its decision to dismiss Plaintiff's TCCWNA claim based on the omission of language allegedly required by HCSA N.J.S.A. 56:8-42(b), on the grounds that the Court, in its July opinion, misapplied the reasoning of the Third Circuit's unreported decision in *Watkins v. DineEquity Inc.*, 591 Fed. Appx. 132 (3d Cir. 2014), to the facts of Plaintiff's case. Specifically, I observed that "[t]o state a claim under Section 15 of the TCCWNA, a plaintiff must allege each of four elements: (1) the plaintiff is a consumer; (2) the defendant is a seller, lessor, creditor, lender or bailee; (3) the defendant offers the plaintiff a

4

contract or gives or displays any written notice or sign; and (4) the contract, notice, or sign includes a provision that violates any legal right of a consumer or responsibility of the seller, lessor, creditor, lender or bailee." *Truglio v. Planet Fitness, Inc.*, No. CV157959FLWLHG, 2016 WL 4084030, at *8 (D.N.J. July 28, 2016) (quoting *Watkins*, 591 Fed. Appx. At 135). The parties do not dispute that Plaintiff is a consumer, Defendants are sellers, and that the membership agreement offered by Defendants to Plaintiff qualifies as a consumer contract subject to TCCWNA. The only question before the Court on Defendants' motion to dismiss, therefore, was whether the membership agreement includes a provision that violates any clearly established legal rights of consumers or responsibility of sellers. Adopting the persuasive reasoning of *Watkins*, this Court found that the membership agreement did not *include* any such provision.

> The Third Circuit has held that, absent a contrary interpretation from the New Jersey Supreme Court, since Section 15 of the TCCWNA prohibits the offering of a consumer contract which "*includes* any provision that violates any clearly established legal right of a consumer," N.J.S.A. 56:12-15 (emphasis added), the "mere omission" of required terms in a consumer contract (or other covered writing) does not result in liability under the TCCWNA. *Watkins*, 591 Fed.Appx. 132, 136-37. Accordingly, Plaintiff's claim that Defendants violated the TCCWNA because the Membership Agreement failed to (1) conspicuously set forth her total payment obligation, or (2) set forth that a bond had been filed with the Director of the Division of Consumer Affairs – in other words, that the Membership *omitted* terms that are required by law – cannot serve as the basis for a TCCWNA violation.[6] Nor can Plaintiff's claim that the Membership Agreement obligated her to renew her contract, in violation of the HCSA, support a TCCWNA claim because, as discussed above, Plaintiff has failed to adequately allege that the Membership Agreement included such a provision.

*Truglio*, 2016 WL 4084030 at *8. On reconsideration, Plaintiff contends, in short, that while the this Court, following *Watkins*, found Defendants' alleged failure to set forth Plaintiff's total payment obligation on the first page of the membership agreement to be an *omission* of information required by the HCSA not actionable under TCCWNA, Defendants' failure to

include such information should have rendered the remaining *included* provisions of the membership agreement violative of the HCSA, and thereby actionable under TCCWNA consistent with the holding in *Watkins*. *See* Plaintiff's Moving Brief, 7 ("Defendants had the responsibility to provide the 'total payment obligation' information in a conspicuous fashion. By including a provision which failed to do so, Defendants' [sic] violated their responsibility pursuant to HCSA at N.J.S.A. 56:8-42(b).").

As a threshold matter, Plaintiff's motion clearly does not meet the standard required for reconsideration under Rule 59(e). It claims no intervening change of law, in fact claiming to follow the persuasive authority of the Third Circuit in *Watkins*, which the Court itself considered and applied in its original opinion. It presents no new evidence, relying upon the same facts alleged in the Amended Complaint that were previously before the Court. Finally, it fails to identify any clear error of fact or law, requesting only that the Court reconsider its particular application of the admittedly persuasive authority of the Third Circuit in *Watkins*. As discussed above, courts in this District have long held that "[i]t is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through, whether rightly or wrongly." *S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003). Yet, the sum total of Plaintiff's motion is that, given the same facts and law, the Court should reverse its previous decision because the Plaintiff's interpretation is superior. This argument does not merit reconsideration and the Court declines to exercise its discretion to revisit its ruling.

Even had the Court progressed to the merits of Plaintiff's motion, however, a thorough analysis of the Third Circuit's decision in *Watkins* reveals that the Circuit Court specifically considered and rejected Plaintiff's interpretation of the TCCWNA, namely Plaintiff's theory was raised by the dissent and rejected by the *Watkins* majority. In *Watkins*, the Plaintiff complained

that the omission of beverage prices from the Defendant's menus violated the New Jersey

Consumer Fraud Act, and provided an underlying violation in a covered writing actionable under

TCCWNA. The majority disagreed, holding:

> Watkins has not cited any authority indicating that TCCWNA is triggered by the mere omission of beverage prices from a restaurant menu. The cases she relies upon for TCCWNA liability involve affirmative offers or pricing, included in covered writings, that are rendered inaccurate or fraudulent by the circumstances of their presentation. We therefore reject Watkins's argument that her TCCWNA claim is premised upon an unconscionable business practice that is legally indistinguishable from the business practices giving rise to liability in *Bosland* and *Dugan.*

*Watkins*, 591 F. App'x at 136–37. Accordingly, this Court, in the absence of some reported

authority from the Circuit Court, found the majority opinion persuasive and followed its

reasoning to dismiss Plaintiff's claim as seeking to recover for the omission of information  (the

total payment obligation) from the covered writing (the membership agreement), which omission

is not actionable under TCCWNA.

The dissent in *Watkins*, however, endorsed Plaintiff's reading of the statute. In dissent,

Judge Greenaway wrote:

> Watkins argues that DineEquity has violated both TCWWNA and the CFA. First, DineEquity violated the CFA by failing to publish prices for beverages on the menus in its restaurants. Second, DineEquity violated TCCWNA based on the violation of the CFA. That is, the covered writing (the menu) includes a provision (offering beverages for sale without prices) that is a violation of a clearly established legal right of a consumer or a clearly established legal responsibility of a seller created by the CFA. Instead of viewing the omission of beverages prices as a violation of the CFA, as alleged by Watkins, the District Court and the Majority conclude that an omission is not covered by TCCWNA. I find the Majority's result—that a menu which includes a violation of the CFA cannot form the basis for a violation of TCWWNA—to defy the clear meaning of the statute, the intent of the New Jersey legislature in enacting New Jersey's consumer protection laws, and existing New Jersey case law interpreting and applying these statutes.

*Watkins v. DineEquity, Inc.*, 591 F. App'x 132, 138 (3d Cir. 2014) (Greenaway, CJ, dissenting).
In short, Judge Greenaway concluded that the omission of prices from the menu in *Watkins*
rendered the remaining included text in the menu, identifying the menu items available for sale,
violative of the underlying state statute (the CFA in that case). Accordingly, the included menu
provisions were a violation actionable under TCCWNA. *Watkins*, 591 F. App'x at 139 ("Nothing
in the language of the CFA or in the cases interpreting it limit its scope to only included
language. The omission of prices from DineEquity's menus violates the CFA. Rather than
presenting a TCCWNA claim based on an omission as stated by the Majority, Watkins's claim
rests on an omission that violates the CFA. The menus, therefore, include a violation of a clearly
established state law (the CFA) and thus may also violate TCWWNA. I believe the Supreme
Court of New Jersey would reach the same conclusion.").

Plaintiff raises the same argument here, that by omitting the total payment obligation
from the first page of the membership agreement, the remaining, included text of the
membership agreement violates the HCSA, and therefore is an "inclusion" actionable under
TCCWNA. As Judge Greenaway recognized in dissent, however, this theory is incompatible
with the *Watkins* majority's holding. For if the omission of language renders the remaining
included language violative of the underlying statute, be it the CFA or the HCSA, then
TCCWNA by necessity would punish the absence of required language and the inclusion of
actively deceptive language equally. Judge Greenaway found this result consistent with the broad
remedial nature of the laws of New Jersey,[1] but the *Watkins* majority persuasively observed that

---

[1] *See Watkins*, 591 F. App'x at 141 ("New Jersey's long history of consumer protection leads me
to doubt that the Supreme Court of New Jersey would eviscerate that history by disallowing a
claim to proceed under TCCWNA, a purely remedial statute, when the statute creating the
substantive violation upon which the TCCWNA claim is based, allows for an omission of
information. Here, the menu violates the CFA by failing to provide beverage prices. That

such an overly expansive result was not consistent with the clear intent of the statute.[2] Far from

this Court misinterpreting or misapplying the holding of the majority in *Watkins*, it thus appears

that the majority in that case actually specifically considered Plaintiff's reading of the TCCWNA

---

violation forms the basis of the TCCWNA claim. That is, the menu includes a violation of the CFA, thus violating TCCWNA.").

[2] In rejecting the plaintiff's TCCWNA claim, the *Watkins* majority affirmed the decision of the District Court below, which collected the unanimous holdings of the New Jersey state appellate and federal district courts interpreting TCCWNA to exclude omissions and recounted the statute's legislative history, which clearly indicated that the violations targeted by the statute were *inclusions* of deceptive language, not *omissions* of required language. Chief Judge Simandle, writing for the District Court below, observed:

In drafting the NJTCCWNA, the legislature targeted written documents presented by sellers to consumers or potential consumers and sought to protect consumers who might read an illegal provision, be deceived by the provision, and then fail to enforce their rights.

To illustrate the types of seller conduct it sought to prohibit, the New Jersey Legislature provided a list of such provisions:

Examples of such provisions are those that deceptively claim that a seller or lessor is not responsible for any damages caused to a consumer, even when such damages are the result of the seller's or lessor's negligence. These provisions provide that the consumer assumes all risk and responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all liability. Other provisions claim that a lessor has the right to cancel the consumer contract without cause and to repossess its rental equipment from the consumer's premises without liability for trespass. Still other provisions arbitrarily assert the consumer cannot cancel the contract for any cause without punitive forfeiture of deposits and payment of unfounded damages. Also, the consumer's rights to due process is often denied by deceptive provisions by which he allegedly waives his right to receive legal notices, waives process of law in the repossession of merchandise and waives his rights to retain certain property exempted by State or Federal law from creditor's breach.

L.1981, c. 454, Sponsor's Statement to Assembly Bill No. 1660 (N.J.1981). By using the verbs 'claim,' 'provide,' and 'assert' and specifying which legal rights can be affected, the legislature appears to target only provisions included in the document that actively seek to mislead consumers as to specific rights. The Sponsor's Statement included no examples of deceptive omissions that were envisioned as falling within the scope of the statute.

*Watkins v. DineEquity, Inc.*, No. 11-CV-7182 JBS/AMD, 2012 WL 3776350, at *8–9 (D.N.J. Aug. 29, 2012) *aff'd* 591 F. App'x 132 (3d Cir. 2014).

— offered by the dissent — and rejected it in coming to their conclusion. Indeed, since this Court's original opinion and order, other courts in this district have endorsed the same interpretation of the majority's holding. *See, e.g.*, *Friest v. Luxottica Grp. S.p.A.*, No. 16-CV-03327 SDW/LDW, 2016 WL 7668453, at *10 (D.N.J. Dec. 16, 2016) (under *Watkins*, failure to include notice required by N.J.A.C. § 13:33-7.1(f) in eye examination advertisement was an omission not actionable under TCCWNA); *Cannon v. Ashburn Corp.*, No. CV 16-1452 (RMB/AMD), 2016 WL 7130913, at *11 (D.N.J. Dec. 7, 2016) (TCCWNA covers only the inclusion in the covered writing of provisions violating other law, not the conduct of the parties in failing to provide a product with the original price displayed). Were the Court to consider the merits of Plaintiff's motion, therefore, it would nevertheless be denied.

**CONCLUSION**

Accordingly, for the foregoing reasons, Plaintiff's motion for reconsideration, under Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1, is denied.

Dated: _____3/31/2017_____                    _____/s/ Freda L. Wolfson_____
                                                 The Honorable Freda L. Wolfson
                                                 United States District Judge