**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARNI TRUGLIO,** individually and as a Class representative on behalf of others similarly situated,<br><br>      **Plaintiff,**<br><br>v.<br><br>**PLANET FITNESS, INC.; FIT TO BE TIED II, LLC d/b/a PLANET FITNESS; JOHN DOES 1-75; PLANET FITNESS FRANCHISES 1-75; AND XYZ CORPORATIONS 1-10,**<br><br>      **Defendants.** | Civil Action No. 15-7959 (FLW)(LHG)<br><br><br>**MEMORANDUM ORDER** |

  **THIS MATTER** having been opened by the Court, *sua sponte*, in an order issued on August 11, 2016, requiring Defendants to show cause why subject-matter jurisdiction still exists under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, over Plaintiff's TCCWNA claim, on which the Court reserved decision in its July 28, 2016 Opinion and Order granting in part Defendants' motion to dismiss Plaintiff's Amended Class Action Complaint. It appearing that, on April 7, 2017, Defendants filed two declarations along with a memorandum in support of subject-matter jurisdiction in response to the Court's order. Up to the date of this Memorandum Order, no response in opposition to Defendants' declarations has been filed by Plaintiff. The Court finds the following:

  1. On November 6, 2015, Defendants removed this case from the Superior Court of New Jersey, Monmouth County, to this Court pursuant to CAFA, based on their representation that the Amended Complaint asserts six claims, representing $600 of statutory damages per class member. The amount in controversy would thus exceed

1

CAFA's $5 million threshold on the basis of a class containing 8,334 persons. (EFC No. 1). Defendants timely moved to dismiss.

2. On July 28, 2016, the Court granted in part Defendants' motion to dismiss, dismissing all claims except Plaintiff's TCCWNA claim, upon which the Court reserved decision. (EFC No. 38). Plaintiff's remaining TCCWNA claim would result in a $100 statutory remedy per class member. Concerned that this remaining claim would not satisfy the required $5 million jurisdictional threshold, the Court ordered Defendants to show cause whether subject-matter jurisdiction still existed pursuant to CAFA. (*Id.*)

3. On August 9, 2016, Craig R. Tractenberg, Esq., counsel for Defendant Planet Fitness, Inc. ("Planet Fitness"), submitted a certification offering proofs of the Court's continuing subject-matter jurisdiction ("counsel's certification"). (ECF No. 39). Defense counsel stated, in relevant part: "Planet Fitness clubs in New Jersey have a total membership exceeding 50,000 members, each with a separate membership agreement." (*Id.*) Accordingly, in the event that the remaining TCCWNA claim were to survive Defendants' motion to dismiss, Planet Fitness argued that each member could receive a statutory remedy of $100, and, therefore, the amount in controversy exceeded 5 million dollars. Defendant Fit to be Tied, II, LLC ("FTBT"), concurred and joined in Mr. Tractenberg's certification on August 10, 2016.

4. On August 11, 2016, the Court issued an Order finding that Mr. Tractenberg's certification failed to meet the burden of proof set forth by the Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), because, firstly, counsel's certification failed to certify that the membership agreements to which it referred contain the same (or substantially similar) cancellation provisions as those

in Plaintiff's Membership Agreement; secondly, counsel's certification failed to certify that the more than 50,000 enrollees to which it referred had enrolled within the putative class period, six years prior to the filing date of the original Complaint—between September 28, 2009 and September 28, 2015; and thirdly, counsel's certification was based on hearsay evidence from an unidentified source in Planet Fitness and was not made by a person with knowledge of the facts. (EFC No. 43). The Court accordingly ordered Defendants to submit sufficient proof to support subject-matter jurisdiction within seven days (the "Jurisdiction Order"). (*Id.*)

5. On the same day, August 11, 2016, Plaintiff filed a motion for reconsideration of some of the rulings against Plaintiff in the Court's Dismissal Order. (EFC No. 41). Therefore, on August 12, 2016, the Court stayed the Jurisdiction Order pending the Court's decision on Plaintiff's motion for reconsideration. (EFC No. 44).

6. The Court denied Plaintiff's motion for reconsideration by order issued on March 31, 2017, and lifted the stay. (EFC No. 50).

7. In accordance with the Court's Jurisdiction Order, Defendants timely submitted additional proof of the Court's continuing subject matter jurisdiction under CAFA, on April 7, 2017, in the form of the Declaration of Darrell Chichester, Defendant Planet Fitness' Legal Manager, and the Declaration of Russel DelRosso, Defendant FTBT's Managing Member and Operator. (EFC No. 51-1, 2).

8. Mr. Chichester reviewed the membership records and the various iterations of the Membership Agreements for the three Planet Fitness gyms operating in New Jersey that are owned and operated by Planet Fitness. (EFC No. 51-1). Mr. Chichester declared that there are a total of 71,569 Membership Agreements for the three Planet Fitness

3

gyms in New Jersey that are the same as or substantially similar to the agreement entered into by Plaintiff in this case because they contain the same cancellation provision that Plaintiff alleges to be misleading, and were entered into during the putative class period, between September 28, 2009 and September 28, 2015. (*Id.*)

9. Mr. DelRosso, in his declaration on behalf of Defendant Fit to be Tied, certified that he had reviewed the membership records and the various iterations of the membership agreements for the nine FTBT-operated Planet Fitness gyms in New Jersey. Mr. DelRosso declared that there are a total of 61,749 Membership Agreements for the nine FTBT-operated New Jersey gyms that are the same or substantially similar to the agreement entered into by Plaintiff in this case because they contain the same cancellation provision that Plaintiff contends to be misleading, and were entered into during the putative class period, between September 28, 2009 and September 28, 2015. (*Id.*)

10. Federal courts have original jurisdiction over class actions under CAFA where (1) the matter in controversy exceeds $5 million, exclusive of interest and costs, (2) any member of the class of plaintiffs is a citizen of a state different from any defendant, and (3) the class has at least 100 members. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6); *see Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358 (3d Cir. 2015). There is no dispute over the second and third requirements. The only question is whether the amount in controversy exceeds $5 million after the Court dismissed all but the TCCWNA claim.

11. "A party asserting federal jurisdiction in a removal case bears the burden of showing 'that the case is properly before the federal court.'" *Judon v. Travelers Prop. Cas. Co.*

*of Am.*, 773 F.3d 495, 500 (3d Cir. 2014); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006), *cert. denied*, 552 U.S. 940 (2007). Any doubts must be resolved in favor of remand. *Samuel-Bassett v. Kia Motors Am.*, 357 F.3d 392, 403 (3d Cir. 2004).

12. However, "[although] a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, evidence establishing the amount is required when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied. *See id.* at 554.

13. The Court must determine whether the matter in controversy exceeds the sum or value of $5,000,000 under 28 U.S.C. § 1332(d) by a preponderance of the evidence upon evaluation of submitted proofs. *See Dart Cherokee Basin Operating Co*., 135 S. Ct. at 551, 554; *Standard Fire Ins. Co.*, 133 S. Ct. at 1348. Here, the evidence before the Court comprises the Declarations of Defendant Planet Fitness' Legal Manager and of Defendant FTBT's Operator. Plaintiff did not contest the declarations.

14. The Court finds that Defendants have established, by a preponderance of the evidence, that CAFA's amount-in-controversy requirement is met because, based on the combined membership number of 133,318 for the three gyms operated by Defendant Planet Fitness and nine gyms operated by FTBT in New Jersey, an award of $100 in statutory damages to each class member would result in an aggregate award of more

5

than $13 million, exceeding CAFA's $5 million threshold. Accordingly, there is subject-matter jurisdiction over this case under CAFA.

15. There being jurisdiction in this Court, it is now appropriate to consider Defendants' motion to dismiss Plaintiff's TCCWNA claim.

For the reasons set forth above, and for good cause shown;

**IT IS**, this 21st Day of August, 2017,

**ORDERED** that Defendants shall file their motion to dismiss Plaintiff's TCCWNA claim within fourteen (14) days of this Order.

    /s/ Freda L. Wolfson
Hon. Freda L. Wolfson, U.S.D.J.